( HELEN MCLAUGHLIN & another[1] *vs.* STACKPOLE FIBERS
COMPANY, INC.

Middlesex.   September 13, 1988. — November 9, 1988.

Present: HENNESSEY, C.J., WILKINS, ABRAMS, NOLAN, & LYNCH, JJ.

*Workmen's Compensation Act*, Action against employer, Action by spouse
   or child.

The provisions of G. L. c. 152, §§ 1 (4) & 23, barred a widow's common law
   claim against her husband's employer alleging negligent infliction of
   emotional distress upon her arising from the injury and subsequent death
   of her husband in an industrial accident, where she had filed a claim
   and received compensation benefits under the workers' compensation
   act. [361-362]

CIVIL ACTION commenced in the Superior Court Department
on March 18, 1986.

The case was heard by *Walter E. Steele*, J.

After review by the Appeals Court, the Supreme Judicial
Court granted leave to obtain further appellate review.

*Edward J. Moloney* for the plaintiffs.

*Nora Tolins* for the defendant.

HENNESSEY, C.J. This action stems from the injury and
death of Stephen B. McLaughlin in an industrial accident. The
plaintiffs, the decedent's widow and minor son, brought suit
against the decedent's employer for (1) the widow's loss of
consortium caused by the employer's negligence, (2) the
widow's loss of consortium caused by the employer's wilful,
wanton, and reckless conduct, (3) negligent infliction of emo-
tional distress upon the widow, and (4) the minor son's loss
of parental society caused by the employer's negligence.

A Superior Court judge granted the employer's motion to
dismiss all the claims under Mass. R. Civ. P. 12 (b) (6), 365

---

[1] Ryan McLaughlin.

Mass. 754 (1974), for failure to state a claim upon which relief can be granted. The judge entered judgment for the employer on all the claims, and the plaintiffs appealed.

In a memorandum and order under Appeals Court Rule 1:28, the Appeals Court affirmed the dismissal of all but the claim for negligent infliction of emotional distress. 26 Mass. App. Ct. 1101 (1988). This court allowed the employer's application for further appellate review. The plaintiffs did not apply for further appellate review. Thus the only issue before us is the correctness of the judge's dismissal of the widow's action for emotional distress. We conclude that the judge was correct in dismissing that claim, and we affirm the judgment.

The essential facts relevant to the decedent's accident are as follows. On August 19, 1985, in the course of his employment, McLaughlin inhaled toxic hydrocarbons and lost consciousness. He was taken to a hospital. His wife arrived at the hospital shortly after his death. After her husband's death, the widow applied for and began to receive weekly compensation benefits under the provisions of the workers' compensation act, G. L. c. 152.[2]

We disagree with the Appeals Court's conclusion that the judge was in error in dismissing the widow's claim for negligent infliction of emotional distress. General Laws c. 152, §§ 1 (4) and 23, bar the claim. Section 23 states that an "employee" who files a claim or accepts payment of compensation for personal injury under the workers' compensation act releases the insurer and insured of all common law claims arising from the injury.[3] Section 1 (4) of the act provides that the term

---

[2] The fact that the widow has received compensation payments was established by an undisputed affidavit which the employer filed with the pleadings. Therefore, we treat the proceeding as for summary judgment under Mass. R. Civ. P. 56 (e), 365 Mass. 730 (1974), rather than for dismissal under 12 (b) (6). The judge's ruling was correct. We add that both parties have discussed the significance of *Ferriter* v. *Daniel O'Connell's Sons*, 381 Mass. 507 (1980). *Ferriter* is not helpful here, because it was not shown in that case that the plaintiffs (employee's wife and children) had received workers' compensation benefits.

[3] General Laws c. 152, § 23, stated at the time of the injury in August, 1985: "If an employee files any claim for, or accepts payment of, compen-

"employee," includes, after an employee's death, his or her legal representatives, dependents and other persons to whom compensation may be payable.[4] It is clear that once McLaughlin's widow filed a claim and received compensation under the act, she was barred from recovering in any actions against the employer for common law claims arising from her husband's injury. Her allegations of emotional distress arose from his injury and ultimate death, and are therefore barred. There was no error in the order of the Superior Court judge dismissing the claim.

*Judgment affirmed.*

---

sation on account of personal injury under this chapter, or makes any agreement, or submits to a hearing before a member of the division under section eight, such action shall constitute a release to the insured or self-insurer of all claims or demands at law, if any, arising from the injury." G. L. c. 152, § 23, as amended through St. 1953, c. 314, § 6. Section 23 now states, similarly: "If an employee files any claim or accepts payment of compensation on account of personal injury under this chapter, or submits to a proceeding before the department under sections ten to twelve, inclusive, such action shall constitute a release to the insurer of all claims or demands at common law, if any, arising from the injury. If an employee accepts payment of compensation under this chapter on account of personal injury or makes an argument under section forty-eight, such action shall constitute a release to the insured of all claims or demands at common law, if any, arising from the injury." G. L. c. 152, § 23, as appearing in St. 1985, c. 572, § 34.

[4] General Laws c. 152, § 1 (4), states now, as it has since its enactment by St. 1935, c. 406: "Any reference to an employee who has been injured shall, when the employee is dead, also include his legal representatives, dependents and other persons to whom compensation may be payable." General Laws c. 152, § 1 (4), as amended through St. 1952, c. 572, § 9.