NO. 94-176

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

JANICE WETCH,

            Plaintiff and Respondent,

    V.

UNIQUE CONCRETE CO.
a Montana Corporation,

            Defendant and Appellant.

APPEAL FROM:   District Court of the Sixteenth Judicial District,
               In and for the County of Custer,
               The Honorable Kenneth R. Wilson, Judge presiding.

COUNSEL OF RECORD:

        For Appellant:

            Calvin J. Stacey, Stacey & Walen, Billings, Montana

        For Respondent:

            Thomas M. Monaghan, Lucas & Monaghan, Miles City,
            Montana

Submitted on Briefs:  October 28, 1994

Decided:  January 18, 1995

FILED

JAN 18 1995

Filed:

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

_____
                      Clerk

Justice James C. Nelson delivered the Opinion of the Court

Unique Concrete, Co., (Unique) appeals from a special jury verdict in favor of Janice Wetch (Janice) finding that Janice's personal injuries were caused 51% by Unique's negligence and 49% by Janice's own negligence and awarding total damages of $200,000. Unique contends that the District Court erred in granting Janice's Motion in Limine restricting evidence of negligence attributable to Janice's employer, Dr. William Wallick (Dr. Wallick). We affirm.

ISSUE

The issue on appeal is whether the District Court properly applied § 27-1-703(4), MCA, (1987), in granting Janice's Motion in Limine.

FACTUAL AND PROCEDURAL BACKGROUND

At the time she was injured, Janice was the full time receptionist, office worker and assistant to Dr. Wallick, a Miles City chiropractor. Janice had worked for Dr. Wallick, first on a part-time basis and later, full time, since August 1984. She and Dr. Wallick were the only two persons who worked in his small, Main Street office building.

In 1989, desiring to add space to his offices, Dr. Wallick hired a local Miles City contractor to remodel the building. Prior to the remodeling, the office building had two doors, one at the front of the building facing Main Street, primarily used by patients, and another door at the rear leading to the parking lot. The rear door was routinely used by Dr. Wallick and Janice. As part of the remodeling project, Unique was hired as one of the

2

subcontractors and was responsible for removing the concrete steps outside the rear door of the building.

Before Unique began work, Larry Kuchynka (Larry), Unique's president, had a conversation with Dr. Wallick, in Janice's presence, in which Larry expressed his concern about the safety hazard posed by the removal of the steps outside the rear door. Larry suggested various measures that could be taken to mitigate the danger, including barricading the door. Dr. Wallick did not want to barricade the door because of the need for ventilation. However, he assured Larry that a warning sign would be placed on the door, that the door would be dead-bolted during regular business hours and that he (Dr. Wallick) "would take care of it." Relying on Dr. Wallick's statements, Unique did nothing to secure the door and proceeded to remove the concrete steps leaving a vacant hole five to six feet deep under the door where the steps had been.

Janice testified that she recalled discussing the door situation with Dr. Wallick and that she tried to keep the door locked. Moreover, knowing that the steps had been removed, during the week before her accident, Janice changed her routine and began using the front door to enter and leave work. Nonetheless, at about noon on September 25, 1989, out of forgetfulness or force of habit, Janice opened outward the rear door of the office, stepped into the five to six feet hole where the steps had been, and was seriously injured. Janice subsequently received benefits through workers' compensation insurance carried by Dr. Wallick.

3

In November 1991, Janice filed her complaint against Unique alleging negligence and seeking special and general damages for her injuries. Prior to trial, in its motion for summary judgment, Unique argued that Dr. Wallick's failure to secure the door was negligence and was an independent, superseding, intervening cause which absolved Unique from liability for Janice's injuries. In response, based on § 27-1-703(4), MCA, (1987), Janice filed her Motion in Limine to exclude from consideration by the jury argument or evidence of any conversation between Larry and Dr. Wallick that Wallick would keep the rear door locked during construction; that Dr. Wallick forgot to lock the door approximately one and one-half hours before Janice's fall; and that Dr. Wallick was solely or partially at fault with regard to Janice's fall. Janice's motion was briefed and argued, and, on the first day of trial was granted by the District Court.

Trial began in February 1994. Janice's attorney called Larry and elicited testimony to the effect that he (Larry) was concerned about the hazardous condition posed by the removal of the steps, that he discussed those concerns with Dr. Wallick in Janice's presence, that various measures could be taken to mitigate the danger, but that he (Larry) did nothing to secure the door. Pursuant to the District Court's order granting Janice's Motion in Limine, however, and despite Unique's offer of proof, neither Larry nor Wallick were allowed to detail their conversation about the necessity to barricade the rear door; that Dr. Wallick had refused to have the door barricaded; that Dr. Wallick had agreed to lock

4

the door; and that Larry had relied on Dr. Wallick's statements in that regard as the reason why Unique did not take any measures to secure the door.

DISCUSSION

On appeal, Unique contends that because the District Court granted Janice's Motion in Limine, it was denied its right to a fair trial. Unique argues that the jury was precluded from hearing all of the facts as to how and why Janice's accident occurred and that it was unable to present factual support for its defenses that it was not negligent and that, even if it was, its negligence was not the proximate cause of Janice's injuries, Dr. Wallick's negligence being an independent, superseding and intervening cause.

Janice maintains that the District Court correctly granted her Motion in Limine and kept the offered argument and evidence from the jury because amendments to § 27-1-703, MCA, made by the 1987 legislature, specifically removed from consideration and determination by the fact finder any amount of negligence on the part of the injured person's employer to the extent that such employer had tort immunity under Montana's Workers' Compensation Act. We conclude that the District Court's application of § 27-1-703(4), MCA, to prohibit the offered testimony and evidence from being considered by the jury was correct.

The issue raised in this case is one of first impression. While this Court recently held certain portions of § 27-1-703(4), MCA, (1987) unconstitutional, Newville v. State of Montana (1994), ___ Mont. ___, 883 P.2d 793, our decision in that case did not

address the language of the statute at issue here, nor is there any constitutional issue raised in this appeal with respect to that part of the statute. Rather, the issue here involves one of merely applying the clear and unambiguous requirements of the statute to the facts before the court.

In pertinent part, § 27-1-703(4), MCA, (1987), provides:

> (4) . . . However, in attributing negligence among persons, the trier of fact may not consider or determine any amount of negligence on the part of any injured person's employer or coemployee to the extent that such employer or coemployee has tort immunity under the Workers' Compensation Act or the Occupational Disease Act of this state, of any other state, or of the federal government.

That language, along with other provisions, was added to § 27-1-703, MCA, by the 1987 Legislature as a part of its tort reform legislation. See Newville, 883 P.2d at 799.

There is nothing ambiguous or unclear about the statutory language at issue. The legislature has provided that the fact finder may not "consider or determine any amount of negligence" on the part of the injured person's employer to the extent the employer has tort immunity under the Workers' Compensation Act.

It is undisputed that Dr. Wallick was Janice's employer and that he is immune from tort liability for her injuries because she was covered by and received benefits under his workers' compensation insurance. See, Article II, Section 16, Constitution of the State of Montana and § 39-71-411, MCA. Unique, nevertheless, argues that it should be able to completely absolve its own liability by offering evidence, argument and instruction to the jury that it did not secure the rear door because Dr. Wallick

6

said he would take care of it; because Dr. Wallick refused to allow Unique to barricade the door; because Dr. Wallick negligently failed to secure the rear door himself; and because Dr. Wallick's negligence was the proximate cause of Janice's injuries.

Obviously, Unique can only prevail in that defense if the trier of fact is, first, allowed to "consider" evidence of Dr. Wallick's alleged negligent acts and omissions from testimony of what Dr. Wallick said he would do and from what he then actually did or failed to do, and, second, if the trier of fact is then allowed to "determine" from that evidence that it was Dr. Wallick's negligence, and not Unique's, that proximately caused Janice's injuries. That, of course, is precisely the sort of evidence that the statute expressly prohibits from going to the jury. Because Dr. Wallick is absolutely immune from tort liability for her injuries, any amount of his negligence which caused or contributed to Janice's injuries cannot be considered or determined by the jury. Dr. Wallick's negligence is simply not a part of the liability or damages equation.

While the parties argue for and against the fairness of the statute and the rationale underlying its adoption, that is not the issue. Moreover, we have considered the authorities cited by Unique and do not find them persuasive. While Judge Battin's interpretation of the statutory language in Weaselboy v. Ingersoll-Rand (April 10, 1991) 10 Mont. Fed. Rpt. 41, differs from ours, we are not constrained to follow the interpretations of Montana's statutes by the federal judiciary, especially where the statutory

language at issue has not been previously interpreted by this court. The statutory prohibition is clear and unambiguous, and no argument has been advanced that the portion of the statute at issue is unconstitutional.

Absent such a challenge, it is not the prerogative of this or of any other court to construe a clear and unambiguous legislative enactment so as to defeat its obvious mandate. Accordingly, we are compelled to hold that the District Court correctly applied § 27-P 703(4), MCA, (1987), in granting Janice's Motion in Limine.

AFFIRMED.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices

January 18, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Calvin J. Stacey, Esq.
Stacey & Walen
P.O. Box 7157
Billings, MT 59103

Thomas M. Monaghan, Esq.
Lucas & Monaghan
P.O. Box 728
Miles City, MT 59301

ED SMITH
CLERK OF THE SUPREME COURT
STATE! OF MONTANA

BY:_____
Deputy