No. 94-558

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995


SUSAN KORTES, Personal Representative on
behalf of the Estate of RICHARD JON KORTES,
on behalf of RAYMOND JON KORTES and
CASSANDRA EILEEN KORTES, the minor
children of RICHARD JON KORTES,

        Plaintiff and Appellant,

    v.

POOL COMPANY and JOHN DOE MANUFACTURER A, and
JOHN DOE MANUFACTURER B, jointly and severally,

        Defendants and Respondents.


APPEAL FROM:    District Court of the Seventh Judicial District,
                In and for the County of Richland,
                The Honorable Richard G. Phillips, Judge presiding.


COUNSEL OF RECORD:

        For Appellant:

            Jerrold L. Nye, Nye & Meyer
            Billings, Montana

        For Respondents:

            Joe C. Maynard and Lori A. Harper,
            Crowley, Haughey, Hanson, Toole & Dietrich,
            Billings, Montana


FILED

Filed: APR 11 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

Submitted on Briefs: February 9, 1995

            Decided: April 11, 1995

Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Plaintiff Susan Kortes filed a complaint in the District Court for the Seventh Judicial District in Richland County in which she alleged that her son Richard's death was caused by the negligence of his employer, Pool Company. Pool Company moved to dismiss Susan's complaint pursuant to Rule 12 (b)(6), M.R.Civ.P. The District Court granted Pool Company's motion to dismiss based on its conclusion that the Workers' Compensation Act provided Susan's exclusive remedy. Susan appeals. We affirm the judgment of the District Court.

Susan raises the following issue on appeal:

Should. an exception to the exclusivity provision in the Montana Workers' Compensation Act be created when a worker is killed and the accident causing death is the result of the employer's failure to install, or the removal of, a safety device which was designed to prevent the accident?

### FACTUAL BACKGROUND

Because this is an appeal from an order of dismissal pursuant to Rule 12(b)(6), M.R.Civ.P., we accept the allegations in the complaint as true and limit our discussion to those facts. *Willson v. Taylor* (1981), 194 Mont. 123, 126, 634 P.2d 1180, 1182.

Richard Jon Kortes was killed on December 30, 1993, in an oil rig accident while working for Pool Company. The accident occurred when a traveling block fell on him as a result of Pool Company's negligent removal of, or failure to install, the appropriate safety

2

shut-off device. Pool Company carried workers' compensation insurance and its carrier is paying benefits to Richard's minor children. Susan Kortes is the personal representative of his estate.

On August 17, 1994, Susan filed a complaint in the District Court in Richland County to recover damages sustained by Richard prior to his death, and for his wrongful death. Susan's complaint states that Pool Company's neglect caused her son's death. The nature of the conduct that she complained of is specifically set forth in the following paragraphs of her complaint:

1)   Pool Company was the employer of Richard Jon Kortes and owned and operated the drill rig on which he was killed.

2)   The facts which set in motion the events and cause of death was the absence of an appropriate safety shut off device at the crown of the drill rig to prevent the traveling block from hitting the crown.

3)   Pool Company assembled the drill rig and failed to install the safety device or removed the existing safety device.

4)   By negligently failing to install or by removing the safety device, Pool Company failed in its duty to provide a safe work place and subjected Richard Jon Kortes to an unreasonable and wrongful risk of harm in operating of the drilling equipment.

5)   Pool Company allowed the drill rig to be operated by a person or persons not properly or fully trained and who allowed the traveling block to hit the crown of the drill rig, breaking the cable, and allowing the traveling block to hit Richard Jon Kortes.

6)   Pool Company's negligent conduct created a condition likely to cause serious bodily harm or death, making Richard Jon Kortes' death or serious injury foreseeable and preventable by installing the proper maintenance safety device.

3

(Emphasis added.) Nowhere in Susan's complaint does she allege that Richard's injury or death was caused by intentional and malicious conduct on the part of Pool Company.

On September 15, 1994, Pool Company filed a motion pursuant to Rule 12(b)(6), M.R.Civ.P., for an order dismissing Susan's complaint. On November 4, 1994, the District Court granted Pool Company's motion to dismiss. It held that § 39-71-411, MCA, limited Susan's remedy to the provisions of the Workers' Compensation Act. The District Court's order was certified as final pursuant to Rule 54(b), M.R.Civ.P., and this appeal followed.

### DISCUSSION

Should an exception to the exclusivity provision in the Montana Workers' Compensation Act be created when a worker is killed and the accident causing death is the result of the employer's failure to install, or the removal of, a safety device which was designed to prevent the accident?

Susan's complaint was dismissed for failure to state a claim pursuant to Rule 12(b)(6), M.R.Civ.P. We have previously held that:

> A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his **claim** which would entitle him to relief. A motion to dismiss under Rule 12(b)(6), M.R.Civ.P., has the effect of admitting **all** well-pleaded allegations in the complaint. In considering the motion, the complaint is construed in the light most favorable to the plaintiff, and all allegations of fact contained therein are taken as true.

*Willson*, 634 P.2d at 1182 (citations omitted).  Therefore, we treat the facts set forth in Susan's complaint as true.

Susan acknowledges that § 39-71-411, MCA, provides that workers' compensation is her exclusive remedy, but suggests that we carve out a judicial exception where: (1) a worker is killed (2) due to a failure to install or maintain a required safety device which is designed to prevent the accident which causes death.  She suggests that an employer has duties pursuant to §§ 50-71-201 and -203, MCA, to maintain a safe work place and provide proper safety devices which would be circumvented if it was shielded by the exclusivity provision of the Act.  Susan suggests that such a result is contrary to Montana statutes, as well as public policy.

Pool Company counters that allegations of negligence, or even gross negligence, are insufficient to eliminate the exclusive remedy provision found in § 39-71-411, MCA, which provides:

> For all employments covered under the Workers' Compensation Act or for which an election has been made for coverage under this chapter, the provisions of this chapter are exclusive. Except as provided in part 5 of this chapter for uninsured employers and except as otherwise provided in the Workers' Compensation Act, an employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the Workers' Compensation Act or for any claims for contribution or indemnity asserted by a third person from whom damages are sought on account of such injuries or death. The Workers' Compensation Act binds the employee himself, and in case of death  binds his personal representative and all persons having any right or claim to compensation for his injury or death, as well as the employer and the servants and employees of such employer and those conducting his business during liquidation, bankruptcy, or insolvency.

5

The only exception created by the legislature to this exclusive remedy provision is found at § 39-71-413, MCA, which provides:

> If an employee receives an injury while performing the duties of his employment and the injury or injuries so received by the employee are caused by the intentional and malicious act or omission of a servant or employee of his employer, then the employee or in case of his death his heirs or personal representatives shall, in addition to the right to receive compensation under the Workers' Compensation Act, have a right to prosecute any cause of action he may have for damages against the servants or employees of his employer causing the injury.

In the past, this Court has been divided over the meaning of "intentional and malicious" as used in § 39-71-413, MCA, and the degree of culpability necessary to bring an employer's conduct within its exception to the exclusive remedy provision found at § 39-71-411, MCA. *See Blythe v. Radiometer America,* Inc. (1993), 262 Mont. 464, 866 P.2d 218 (Trieweiler, J., Harrison, J., and Hunt, J., dissenting); and *Noonan v. Spring Creek Forest Products* (1985), 216 Mont. 221, 700 P.2d 623 (Sheehy J., Hunt, J., and Harrison, J., dissenting).

However, there is no disagreement that, based on the plain language of these provisions, something more than mere negligence must be alleged to avoid the exclusive remedy provision in § 39-71-411, MCA.

Susan's complaint does not allege that Richard's death was caused by an intentional and malicious act. Her complaint merely asserts that Richard's death was caused by Pool Company's neglect.

6

Although Susan makes reasonable public policy arguments in support of her position, our role is not to substitute our judgment for that of the legislature on matters of public policy. We are bound by the legislative determination that absent intentional and malicious conduct employees cannot sue their employers for injuries sustained during the course of their employment which are covered by the Workers' Compensation Act.

We conclude that Susan's complaint fails to allege facts which would entitle her to relief under the laws of this state. Therefore, we affirm the judgment of the District Court.

Justice

We concur:

Justices

7

April 11, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

JERROLD L. NYE
Nye & Meyer
3317 Third Avenue North
Billings, MT 59101

JOEC. MAYNARD
LORI A. HARPER
Crowley, Haughey, Hanson, Toole & Dietrich
P.O. Box 2529
Billings, MT 59103-2529

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy