No. 98-494

IN THE SUPREME COURT OF THE STATE OF MONTANA

1999 MT 34

IN THE MATTER OF

R.L.S.,

A Youth.

APPEAL FROM: District Court of the Thirteenth Judicial District,

In and for the County of Yellowstone,

The Honorable G. Todd Baugh, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

No

Kristina Guest, Deputy Public Defender, Billings, Montana

For Respondent:

Hon. Joseph P. Mazurek, Attorney General

Patricia J. Jordan, Ass't Attorney General, Helena, Montana

Dennis Paxinos, Yellowstone County Attorney,

Richard Helm, Deputy County Attorney, Billings, Montana

Submitted on Briefs: January 28, 1999

Decided: February 24, 1999

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1. R.L.S. appeals from the order of the Youth Court of the Thirteenth Judicial District, Yellowstone County, denying his motion to dismiss. We reverse and remand.

¶2. The issue on appeal is whether the Youth Court erred in denying R.L.S.'s motion to dismiss five felony assault charges.

## BACKGROUND

¶3. The State of Montana (State) filed a petition in the Youth Court alleging that R.L.S. was a delinquent youth because he committed five counts of felony assault, by purposely or knowingly causing reasonable apprehension of serious bodily injury in another by use of a weapon, and one count of misdemeanor disorderly conduct. Insofar as it related to the felony assaults, the affidavit in support of the petition stated that R.L.S. placed a device which appeared to be a bomb under a sink in a restroom of the Castle Rock Middle School, and that five people saw the device, believed it to be a bomb and were frightened or concerned for their safety. The local bomb squad disposed of the device, which, according to R.L.S., was a fake bomb intended as a practical joke.

¶4. At his initial appearance on the petition, R.L.S. admitted having committed disorderly conduct and denied having committed the felony assaults. He subsequently moved the Youth Court to dismiss the felony assault charges and the court denied the motion. R.L.S. then entered into a plea agreement with the State pursuant to which he agreed to admit one felony assault offense and reserved the right to appeal the Youth Court's denial of his motion to dismiss; the State agreed to move to dismiss the remaining four felony assault charges and recommend probation. The Youth Court subsequently accepted R.L.S.'s admission of one felony assault, dismissed the remaining felony assault charges and adjudicated R.L.S. a delinquent youth. The court ordered that R.L.S. be placed on probation for 180 days, subject to specified conditions. Pursuant to his reservation of his right to appeal under § 46-12-204(3), MCA, R.L.S. appeals from the Youth Court's denial of his motion to dismiss the five felony assault charges.

## DISCUSSION

**¶5. Did the Youth Court err in denying R.L.S.'s motion to dismiss the five felony assault charges?**

**¶6. R.L.S. asserted that the felony assault charges on which the State's petition alleging that he was a delinquent youth was based should be dismissed because the facts alleged in the petition did not constitute the offense of felony assault set forth in § 45-5-202(2)(b), MCA. Specifically, he argued that the petition failed to allege that the device placed under the restroom sink was a "weapon"--defined in § 45-2-101 (76), MCA, as an article or instrument "readily capable of being used to produce death or serious bodily injury"--because the petition alleged only that the device "appeared to be" a bomb. R.L.S. also argued that, because he never threatened anyone with the device and the device was not in his possession when people saw it, the petition failed to allege that he "used" a weapon. The Youth Court denied R.L. S.'s motion to dismiss, concluding that the device must be taken as it appears to be and is a weapon under the statute if it looks readily capable of producing death or serious bodily injury. R.L.S. asserts that the Youth Court erred.**

**¶7. A district court's decision to grant or deny a motion to dismiss involves a question of law. State v. Koehn, 1998 MT 234, ¶ 9, 966 P.2d 143, ¶ 9, 55 St.Rep. 985, ¶ 9. We review conclusions of law to determine whether they are correct. Koehn, ¶ 9. R.L.S. reiterates on appeal both arguments he advanced in the Youth Court in support of his motion to dismiss. We conclude that his argument regarding whether a fake bomb meets the statutory definition of a weapon is dispositive and, consequently, do not address his argument regarding whether the petition adequately alleged his "use" of a weapon.**

**¶8. In determining whether a device which appears to be a bomb, but is not an actual bomb, is a weapon for purposes of the offense of felony assault, we look first to the definition of "weapon" contained in § 45-2-101(76), MCA. In construing that statutory definition, our role is "to ascertain and declare what is in terms or in substance contained therein, not to insert what has been omitted or to omit what has been inserted." Section 1-2-101, MCA. The intent of the Legislature is to be pursued and we determine that intent by interpreting the plain meaning of the language used by the Legislature. State v. Zabawa (1996), 279 Mont. 307, 313, 928 P.2d 151, 155 (citations omitted). The statutory language must be reasonably and logically interpreted and words given their usual and ordinary meaning. Gallatin County v. Montana Eighteenth Jud. Dist. (1997), 281 Mont. 33, 40, 930 P.2d 680, 685 (citations**

omitted). "Where the language is clear and unambiguous, the statute speaks for itself and we will not resort to other means of interpretation." Zabawa, 279 Mont. at 313, 928 P.2d at 155 (citation omitted).

¶9. The State's petition alleged that R.L.S. committed five counts of felony assault under § 45-5-202(2)(b), MCA, by purposely or knowingly causing "reasonable apprehension of serious bodily injury in another by use of a weapon." Section 45-2-101(76), MCA, defines "weapon" as

any instrument, article, or substance that, regardless of its primary function, is readily capable of being used to produce death or serious bodily injury.

The plain meaning of the word "readily" is "easily." The American Heritage Dictionary 1504 (3rd ed. 1992). "Capable" is defined as "[h]aving capacity or ability . . . able . . . [h]aving the ability required for a specific task . . . ." The American Heritage Dictionary 283 (3rd ed. 1992). Thus, a device is a weapon under the plain meaning of § 45-2-101(76), MCA, if it is easily able to produce death or serious bodily injury.

¶10. Here, the State's petition alleged that the device R.L.S. placed under the sink "appeared to be a bomb." Nothing in the petition indicates that the device actually was a bomb capable of detonating or otherwise producing death or serious bodily injury. A device which only "appears to be" a bomb is not easily able to--or, in the words of the statute, "readily capable of"--producing death or serious bodily injury. As a result, such a device is not a weapon as defined in § 45-2-101(76), MCA.

¶11. The State concedes that the bomb squad destroyed the device before ascertaining whether it was an actual bomb. The State contends, however, that the Youth Court correctly determined that the definition of "weapon" must be read from the victim's perspective, pursuant to which a device meets the § 45-2-101(76), MCA, definition of "weapon" if it appears and is perceived to be capable of inflicting death or serious bodily injury, regardless of whether the device is capable of inflicting such injury. Thus, the State argues that, because the device at issue here appeared to be a bomb and the people who observed it thought it was a bomb, the device constituted a threat of death or serious bodily injury and was a weapon.

¶12. The problem with the State's position is that it is at odds with the plain language of § 45-2-101(76), MCA. As discussed above, the statute sets forth an objective

standard for determining whether an object is a weapon: if the object is readily capable of producing death or serious bodily injury, it is a weapon. The statutory definition of weapon simply is not susceptible to any reasonable interpretation that would include a victim's subjective view of the device at issue. To adopt the State's analysis of § 45-2-101(76), MCA, would require us to ignore our proper role in interpreting statutes and insert the language "appears to be" before the term "readily capable" in the statute. It is not our function to insert language into a statute which has not been placed there by the Legislature. See § 1-2-101, MCA.

¶13. The State also argues, however, that the statutory definition of weapon must be read in conjunction with the § 45-5-202(2)(b), MCA, definition of felony assault applicable in this case. It contends that, because the gravamen of the felony assault statute is the subjective "reasonable apprehension" of the victim, a device constitutes a weapon if the victim is reasonably apprehensive that the device is a weapon. We disagree.

¶14. The elements of the offense of felony assault under § 45-5-202(2)(b), MCA, are (1) purposely or knowingly, (2) causing reasonable apprehension of serious bodily injury in another, (3) by use of a weapon. See, e.g., State v. Ottwell (1989), 239 Mont. 150, 156, 779 P.2d 500, 503; State v. Brown (1989), 239 Mont. 453, 456, 781 P.2d 281, 283-84. The reasonable apprehension of the victim pertains to whether the victim reasonably believes he or she will be seriously bodily injured, not whether he or she subjectively believes that the device or instrument used by the assailant is actually a weapon.

¶15. Furthermore, the cases the State advances in support of its argument in this regard are inapplicable to the issue before us. The State first relies on State v. Herron (1892), 12 Mont. 230, 29 P. 819, for the proposition that the prosecution need not prove the device at issue in a felony assault charge is capable of inflicting injury as long as the victim perceives it to be capable of inflicting injury. In Herron, we held that, where the prosecution established that the defendant pointed a rifle at--and threatened to shoot--the victim, the prosecution was not required to introduce evidence that the rifle was actually loaded with ammunition in order to prove the offense of attempted assault with a deadly weapon. Rather, the fact that the rifle was not loaded was a matter to be raised as a defense to the charge. Herron, 12 Mont. at 235, 29 P. at 821. In that regard, we need only observe that Herron did not interpret any statutory definition of "weapon."

¶16. Neither is State v. Weinberger (1983), 206 Mont. 110, 671 P.2d 567, applicable here. In <u>Weinberger</u>, when addressing whether the evidence presented at trial established the elements of aggravated assault under § 45-5-202(1), MCA, we assumed that the chain used by the defendant was a weapon because neither party disputed that issue. <u>Weinberger</u>, 206 Mont. at 129, 671 P.2d at 577. Again, we did not address or interpret the § 45-2-101(76), MCA, definition of "weapon."

¶17. Similarly, the State's reliance on federal cases holding that unloaded guns, toy guns and fake bombs are dangerous weapons under 18 U.S.C. § 2113(d) and 18 U.S.C. § 111(b) is misplaced. None of the cited cases addressed a statutory definition of "weapon," much less a definition similar or identical to § 45-2-101(76), MCA. <u>See</u> McLaughlin v. United States (1986), 476 U.S. 16, 106 S.Ct. 1677, 90 L.Ed.2d 15; United States v. Hamrick (4th Cir. 1995), 43 F.3d 877; United States v. Perry (6th Cir. 1993), 991 F.2d 304; United States v. Cannon (1st Cir. 1990), 903 F.2d 849; United States v. Spedalieri (10th Cir. 1990), 910 F.2d 707; United States v. Martinez-Jimenez (9th Cir. 1989), 864 F.2d 664; United States v. Marx (10th Cir. 1973), 485 F.2d 1179; United States v. Cooper (5th Cir. 1972), 462 F.2d 1343. As a result, the federal cases also are inapplicable here.

¶18. We conclude that the § 45-2-101(76), MCA, definition of "weapon" clearly and unambiguously requires that the device at issue actually be capable of producing death or serious bodily injury. We further conclude that the petition filed against R.L.S. in this case, having alleged only that the device which R.L.S. placed under the sink "appeared to be" a bomb, failed to allege that R.L.S. used a weapon and, thus, failed to state facts constituting the offense of felony assault under § 45-5-202(2)(b), MCA. We hold, therefore, that the District Court erred in denying R.L.S.'s motion to dismiss the five felony assault charges.

¶19. Reversed and remanded for further proceedings consistent with this opinion.

/S/ KARLA M. GRAY

No

We concur:


/S/ J. A. TURNAGE

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART