No. 99-634

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 366

303 Mont. 398

15 P. 3d 962

KAREN A. MANEY, personally, and as the Personal

Representative of the ESTATE OF JASON ROBERT

FOGLESON, and as the Guardian Ad Litem and parent

of ANTHONY MICHAEL FOGLESON, CORDELL

WILLIAM MANEY and DELANA TL MANEY,

Plaintiffs and Appellants,

v.

LOUISIANA PACIFIC CORPORATION,

Defendant and Appellant,

v..

THOMAS B. CHEFF, d/b/a T & S CHEFF LOGGING,

Defendant and Respondent.

APPEAL FROM: District Court of the Eighteenth Judicial District,

In and for the County of Gallatin,

The Honorable Thomas A. Olson, Judge presiding.

COUNSEL OF RECORD:

For Appellants:

Michael C. Coil (argued); Angel Law Firm, Bozeman, Montana

Lawrence F. Daly (argued); Garlington, Lohn & Robinson, Missoula,

Montana (for Louisiana Pacific Corporation)

For Respondent:

Robert J. Phillips (argued); Phillips & Bohyer, Missoula, Montana

Argued: June 8, 2000

Submitted: July 19, 2000

Decided: December 28, 2000

Filed:

_____

Clerk

Justice Karla M. Gray delivered the Opinion of the Court.

¶1 Karen A. Maney (Maney) and the Louisiana Pacific Corporation (LP) appeal from the judgment entered by the Eighteenth Judicial District Court, Gallatin County, on its order granting summary judgment to Thomas B. Cheff, d/b/a T & S Cheff Logging (Cheff), and denying LP's motion for leave to file a cross-claim against Cheff. We affirm.

¶2 We address the following issues:

¶3 1. Did the District Court err in granting summary judgment to Cheff based on its conclusion that the claims raised in Maney's complaint were barred by the exclusive

remedy provision of Montana's Workers' Compensation Act?

¶4 2. Did the District Court abuse its discretion in denying LP's motion for leave to file a cross-claim against Cheff?

## BACKGROUND

¶5 Prior to the summer of 1994, Cheff contracted with LP to cut and remove timber owned by LP and located in the Mill Creek drainage in Park County, Montana. Cheff hired Jason Robert Fogleson (Fogleson) to assist in logging the timber. On July 8, 1994, while working for Cheff, Fogleson was injured by a falling tree; he died later that day. At the time of the accident, Fogleson was covered by workers' compensation insurance provided by Cheff.

¶6 Maney, Fogleson's mother, subsequently filed a complaint against Cheff and LP for damages resulting from Fogleson's death, asserting claims based on negligence, loss of consortium, negligent and intentional infliction of emotional distress, and violations of the Montana Safety Act. The complaint was filed by Maney individually, as personal representative of Fogleson's estate and as guardian *ad litem* of Fogleson's minor siblings. LP answered the complaint and asserted various affirmative defenses. Cheff moved to dismiss the complaint, arguing that Maney's claims were barred by the exclusivity provision of the Workers' Compensation Act (the Act) because Fogleson's injury and death were compensable under the Act. While Cheff's motion to dismiss was pending, LP moved the District Court for leave to amend its answer to assert a cross-claim against Cheff for indemnity and contribution.

¶7 The District Court heard arguments on both motions and, because Cheff had filed an affidavit in support of the motion to dismiss, converted that motion to one for summary judgment. The court concluded that all of Maney's claims were barred by the Act's exclusivity provision and granted summary judgment to Cheff on that basis. Based on its conclusion that the Act barred Maney's claims against Cheff, the court also denied LP's motion for leave to amend its answer to assert a cross-claim against Cheff.

¶8 Maney appeals from the District Court's order granting summary judgment to Cheff on her negligent and intentional infliction of emotional distress claims which were based on her seeing the severe injuries her son suffered and watching him die in the hospital. LP appeals from the court's denial of its motion for leave to amend.

## DISCUSSION

¶9 1. Did the District Court err in granting summary judgment to Cheff based on its conclusion that the claims raised in Maney's complaint were barred by the exclusive remedy provision of the Act?

¶10 We review a district court's grant of summary judgment using the same Rule 56, M.R. Civ.P., criteria applied by that court. Sherner v. Conoco, Inc., 2000 MT 50, ¶ 10, 298 Mont. 401, ¶ 10, 995 P.2d 990, ¶ 10. In that regard, summary judgment is appropriate only when no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. See Rule 56(c), M.R.Civ.P. Here, the parties do not dispute the material facts and, as a result, we review only whether Cheff is entitled to judgment as a matter of law.

¶11 The general purpose of the Act is to protect employers and employees by incorporating a *quid pro quo* for negligent acts by employers. Sherner, ¶ 17. Employees are assured of compensation for their work-related injuries under the Act and forego other legal recourse against their employer. Sherner, ¶ 17. In turn, employers are given immunity from suit by an injured employee and relinquish their common law defenses to liability. Sherner, ¶ 17. In furtherance of this purpose, the Act contains an exclusive remedy provision which states as follows:

> For all employments covered under the . . . Act . . . the provisions of this chapter are exclusive. Except as provided in part 5 of this chapter for uninsured employers and except as otherwise provided in the . . . Act, an employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the . . . Act or for any claims for contribution or indemnity asserted by a third person from whom damages are sought on account of such injuries or death. The . . . Act binds the employee himself, and in case of death binds his personal representative and all persons having any right or claim to compensation for his injury or death, as well as the employer and the servants and employees of such employer and those conducting his business during liquidation, bankruptcy, or insolvency.

Section 39-71-411, MCA.

¶12 Cheff argued in the District Court that Maney's claims were barred by § 39-71-411, MCA, because they were based on Fogleson's personal injury and death. The District

Court agreed and granted Cheff summary judgment on all of Maney's claims. Maney asserts the court erred in determining that the Act precludes her from bringing her claims for negligent and intentional infliction of emotional distress.

¶13 Maney's first argument is that her emotional distress claims are not barred by § 39-71-411, MCA, because they are psychological injuries which do not come within the purview of the Act. She asserts that a psychological injury such as emotional distress is not an "injury" as defined in § 39-71-119, MCA, and is not compensable under the Act. She contends, therefore, that because her emotional distress claims do not constitute injuries under the Act, they are not precluded by the Act's exclusivity provision. In support of her argument, Maney cites Stratemeyer v. Lincoln County (1996), 276 Mont. 67, 915 P.2d 175, Kleinhesselink v. Chevron, U.S.A. (1996), 277 Mont. 158, 920 P.2d 108, and Yarborough v. Mont. Mun. Ins. Auth. (1997), 282 Mont. 475, 938 P.2d 679.

¶14 In Stratemeyer, the plaintiff sued his employer alleging he had suffered severe mental and emotional distress resulting from a work-related incident. Stratemeyer, 276 Mont. at 70, 915 P.2d at 177. The district court granted the employer's motion to dismiss, concluding that the Act provided the plaintiff's exclusive remedy. Stratemeyer, 276 Mont. at 69, 915 P.2d at 176. We held on appeal that, because an emotional injury resulting from work-related mental or emotional stress--known as a "mental-mental" injury--is not an "injury" as defined in § 39-71-119, MCA, and is not compensable under the Act, the exclusive remedy provision did not apply. Stratemeyer, 276 Mont. at 78, 915 P.2d at 181-82. Thus, a plaintiff with a work-related "mental-mental" injury may bring a tort action against his or her employer to recover damages. See Stratemeyer, 276 Mont. at 79, 915 P.2d at 182.

¶15 In Kleinhesselink, the plaintiff brought suit against his employer alleging both mental and physical injuries resulting from work-related emotional or mental stress. Kleinhesselink, 277 Mont. at 160, 920 P.2d at 109-10. In other words, the plaintiff alleged both "mental-mental" and "mental-physical" injuries. We observed that § 39-71-119(3)(a), MCA, excludes both mental and physical conditions arising from emotional or mental stress from the definition of "injury" and, as a result, the plaintiff's "mental-mental" and "mental-physical" injuries were not compensable under the Act. Therefore, pursuant to our holding in Stratemeyer, we held that the plaintiff could proceed with a tort action against his employer. Kleinhesselink, 277 Mont. at 163, 920 P.2d at 111. In Yarborough, we held that the Workers' Compensation Court correctly denied a claimant benefits under the Act where the evidence established the claimant suffered from a "mental-mental" injury

excluded from the § 39-71-119, MCA, definition of "injury." Yarborough, 282 Mont. at 483, 938 P.2d at 684.

¶16 In each of these cases, the issue was the nature of the employee's injury and whether it was a compensable "injury" under the Act. If an employee's injury is not compensable under the Act, the exclusive remedy provision does not preclude a tort action against the employer. Thus, the initial inquiry in determining whether the § 39-71-411, MCA, exclusive remedy provision applies is whether the employee suffered an "injury" as defined in § 39-71-119, MCA. Before even reaching the "injury" portion of the inquiry, of course, it is clear that, to avoid the exclusivity provision, the injuries at issue must be those of the employee. In attempting to analogize her injuries to those at issue in our previous cases, Maney fails to recognize that she was not the injured employee here; Fogleson was. Furthermore, the parties do not dispute that Fogleson's physical injury and death were compensable injuries under the Act, thus bringing into play the exclusive remedy provision. Consequently, Stratemeyer, Kleinhesselink, and Yarborough do not apply here.

¶17 Maney also argues that the emotional distress claims are outside the purview of the Act's exclusive remedy provision pursuant to our holding in Sacco v. High County Independent Press (1995), 271 Mont. 209, 220, 896 P.2d 411, 417-18, that negligent and intentional infliction of emotional distress claims may be brought as independent, rather than derivative, causes of action. She contends that, because the claims are independent from Fogleson's injury and neither she nor Fogleson's siblings have any relationship to Cheff, his employer, the Act and its exclusive remedy provision do not apply. She urges us to adopt the reasoning in Nelson v. Hawkins (D. Mont. 1999), 45 F.Supp.2d 1015, where the federal district court addressed the issue now before this Court and held that independent emotional distress claims brought by an employee's family are not barred by the Act's exclusivity provision. See Nelson, 45 F.Supp.2d at 1021. The Nelson court observed that, pursuant to Sacco, the family's emotional distress claims were independent from--and not derivative of--the injured employee's claim, were personal to the family and were based on a separate duty owed by the employer to the family. Nelson, 45 F.Supp.2d at 1020-21. The court determined that, due to the independent nature of the claim, the *quid pro quo* policy underlying the Act was not involved and the exclusive remedy provision does not operate to preclude the family's emotional distress claims. Nelson, 45 F.Supp.2d at 1021.

¶18 Cheff responds that the legally independent nature of emotional distress claims is irrelevant to whether the Act precludes Maney's claims here. He relies on the broad

language of § 39-71-411, MCA, that employers are not subject to "any liability whatever" for an employee's work-related injury or death and that, in case of the employee's death, the Act--including the no liability provision--binds "all persons having any right or claim to compensation for [the employee's] injury or death . . . ." From that language, Cheff contends any tort claim which arises collaterally to the employee's death--whether considered independent or derivative--is precluded. Cheff also points to holdings from other jurisdictions that independent emotional distress actions by an employee's family are barred by workers' compensation exclusive remedy statutes, citing specifically Williams v. Schwartz (Cal. App. 1976), 131 Cal.Rptr. 200, Provost v. Puget Sound Power & Light Co. (Wash. 1985), 696 P.2d 1238, and McLaughlin v. Stackpole Fibers Co., Inc. (Mass. 1988), 530 N.E.2d 157.

¶19 Our analysis of whether § 39-71-411, MCA, bars Maney from bringing an independent tort action for emotional distress against Cheff begins with a determination of the intent of the Legislature as evidenced by the plain meaning of the language used. See In re R.L.S., 1999 MT 34, ¶ 8, 293 Mont. 288, ¶ 8, 977 P.2d 967, ¶ 8. "The statutory language must be reasonably and logically interpreted and words given their usual and ordinary meaning." In re R.L.S., ¶ 8.

¶20 As stated above, § 39-71-411, MCA, provides that "an employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the . . . Act . . . ." This language is clear and unequivocal. An employer has no liability for an employee's work-related injury or death which is compensable under the Act. The statute then states that, in case of an employee's death, the Act binds "all persons having any right or claim to compensation for his injury or death . . . ." This also is clear and unequivocal. In the case of an employee's death, the employer has no liability for any claim of any person for that injury and death. Moreover, in the context of § 39-71-411, MCA, no liability "for" the injury or death means "[a]s a result of; because of" or "[a]s regards; concerning." See The American Heritage Dictionary 686 (4th ed. 2000). Thus, the Act's exclusivity provision bars any third party action against an employer for compensation claimed "as a result of" or "concerning" an employee's injury or death. Finally, we previously have indicated that the § 39-71-411, MCA, exclusive remedy provision precludes claims against employers by third parties.

> Our statute rules out "any liability whatever" even before it goes on to state that the employee and those under him are limited to such recovery as the Act allows against the employer. The language "any liability whatever" would be surplusage unless it is

read to mean liability not only to the employee and those claiming under him, but also any other party attempting to claim liability against the employer for the same incident.

Cordier v. Stetson-Ross, Inc. (1979), 184 Mont. 502, 508-09, 604 P.2d 86, 89-90.

¶21 Consequently, the fact that the torts of negligent and intentional infliction of emotional distress are independent, rather than derivative, causes of action pursuant to our decision in Sacco is not pertinent to a determination of whether those actions are barred by the Act's exclusive remedy provision. The language of § 39-71-411, MCA, precluding "any liability whatever" and binding any person having any claim to compensation for an employee's injury or death neither contemplates nor encompasses technical legal distinctions relating to the independent or derivative nature of a tort created in non-workers' compensation contexts. Rather, the inquiry to be made in analyzing whether a third party claim for emotional distress is barred by the Act's exclusivity provision is whether it is a claim for compensation "as a result of" or "concerning" the employee's injury or death. The question, therefore, is whether there is some rational nexus between the third party's claim and the acts or omissions leading to the employee's injury or death.

¶22 Here, while Maney's claims for negligent and intentional infliction of emotional distress are independent tort causes of action, they are logically related to the underlying injury to, and death of, Fogleson. In other words, had Fogleson's injury and death not occurred, Maney's emotional distress claims would not have arisen. Thus, her claims arose as a result of--and directly concern--Fogleson's compensable injury and death. Moreover, her complaint does not allege any acts by Cheff resulting in her emotional distress separate from--or in addition to--the negligence which allegedly caused Fogleson's accident. There is a clear nexus between the injury to, and death of, Fogleson and Maney's emotional distress claim.

¶23 Other jurisdictions have addressed this issue under similarly broad exclusive remedy provisions and held that independent emotional distress claims brought by an employee's family are barred. The Washington Supreme Court has held that actions brought by an employee's family for negligent infliction of emotional distress are barred by Washington's workers' compensation exclusive remedy provision--notwithstanding that the family's emotional distress action was separate and distinct from the employee's cause of action--because such actions arise out of the employee's injury or death. Provost, 696 P.2d at 1241. Similarly, the California Supreme Court has held that "a claim for negligent or

intentional infliction of emotion distress, based on the plaintiff's having witnessed the physical injury of a close relative, is logically dependent on the prior physical injury" and, as a result, is barred by the state's exclusive remedy statute. Snyder v. Michael's Stores, Inc. (Cal. 1997), 945 P.2d 781, 785 (citing Williams, 131 Cal.Rptr. at 203); see also Cole v. Fair Oaks Fire Protection Dist. (Cal. 1987), 729 P.2d 743, 752.

¶24 The Supreme Court of Wyoming also has held that emotional distress actions by an employee's family members are barred notwithstanding the independent nature of the action, because the actions arise out of the underlying employment and "worker's compensation benefits cover all injuries having any rational nexus to the employment." Anderson v. Solvay Minerals, Inc. (Wyo. 2000), 3 P.3d 236, 240 (citation omitted). Additionally, the Supreme Judicial Court of Massachusetts has held that a claim for negligent infliction of emotional distress brought by an employee's widow "arose from his injury and ultimate death, and are therefore barred" by the workers' compensation exclusive remedy provision. McLaughlin, 530 N.E.2d at 159.

¶25 The common thread in the holdings of each of the above cases is the concept that, where the independent emotional distress action brought by someone other than the employee is based on alleged acts of an employer which are the same acts which resulted in the employee's compensable injury, the emotional distress claims are logically related to--or arise from--the employee's injury. Thus, the emotional distress claims are claims for compensation for the employee's injury and are barred by workers' compensation exclusive remedy provisions. The rationale applied in these cases is in accord with our interpretation of § 39-71-411, MCA, discussed above.

¶26 With regard to Maney's reliance on Nelson, "we are not constrained to follow the interpretations of Montana's statutes by the federal judiciary . . . ." Wetch v. Unique Concrete Co. (1995), 269 Mont. 315, 319, 888 P.2d 425, 427; see also Ridley v. Guaranty National Ins. Co. (1997), 286 Mont. 325, 334, 951 P.2d 987, 992. Moreover, Nelson is unpersuasive in light of the fact that the federal district court cited no legal authority in support of its conclusion that § 39-71-411, MCA, does not preclude bringing an independent tort action against an employer when the underlying injury to the employee is compensable under the Act; nor did it take our statements in Cordier into account. As a result, we conclude that Maney's emotional distress claims are claims "for the death of or personal injury to an employee covered by the . . . Act . . ." and are barred by the exclusive remedy provision in § 39-71-411, MCA.

¶27 Finally, Maney argues that her claim for intentional infliction of emotional distress is not barred by the Act's exclusive remedy provision because, pursuant to § 39-71-413, MCA, a separate cause of action may be brought against an employer when an employee is injured by an intentional and malicious act. She asserts that her allegations of an intentional tort constitute an allegation that Cheff acted intentionally and maliciously and remove this claim from the purview of the Act. Cheff responds that Maney's complaint did not allege facts sufficient to support a claim under § 39-71-413, MCA. We agree.

¶28 It is a plaintiff's burden to adequately plead a cause of action. Oliver v. Stimson Lumber Co., 1999 MT 328, ¶ 61, 297 Mont. 336, ¶ 61, 993 P.2d 11, ¶ 61. Moreover, while a concise statement of facts upon which relief can be granted is sufficient, " 'a complaint must state something more than facts which, at the most, would breed only a suspicion that plaintiffs have a right to relief. Liberality does not go so far as to excuse omission of that which is material and necessary in order to entitle relief.' " Ryan v. City of Bozeman (1996), 279 Mont. 507, 512, 928 P.2d 228, 231 (quoting Rambur v. Diehl Lumber Co. (1963), 142 Mont. 175, 179, 382 P.2d 552, 554). In the context of the Act, we have held that something more than mere negligence by the employer must be alleged in order to meet the standard of § 39-71-413, MCA, and avoid the exclusive remedy provision in § 39-71-411, MCA. Kortes v. Pool Co. (1995), 270 Mont. 474, 478, 893 P.2d 322, 325.

¶29 Maney's complaint states "[t]hat said acts by the Defendants as set out above have proximately caused and resulted in negligent and intentional infliction of emotional distress on the Plaintiffs . . . ." However, the complaint alleges no facts which would establish that Cheff acted intentionally or maliciously in relation to Fogleson's injury and death. Indeed, the complaint is devoid of any factual allegations of specific acts or omissions by Cheff. We conclude that Maney's conclusory allegation of an intentional tort, absent any factual allegations regarding intentional and malicious acts by Cheff, is not sufficient to allege a separate cause of action under § 39-71-413, MCA, and avoid the exclusivity provision of the Act.

¶30 We hold that the District Court did not err in granting summary judgment to Cheff based on its conclusion that the claims raised in Maney's complaint were barred by the exclusive remedy provision of the Act.

¶31 2. Did the District Court abuse its discretion in denying LP's motion for leave to file a cross-claim against Cheff?

¶32 After filing its answer to Maney's complaint, LP moved the District Court for leave to amend its answer to add a cross-claim against Cheff for indemnity and contribution. The court denied the motion and LP asserts error. We review a district court's denial of a motion to amend a pleading to determine whether the court abused its discretion. Hadford v. Credit Bureau of Havre, Inc., 1998 MT 179, ¶ 36, 289 Mont. 529, ¶ 36, 962 P.2d 1198, ¶ 36.

¶33 Section 39-71-411, MCA, provides, in part, that "an employer is not subject to any liability whatever . . . for any claims for contribution or indemnity asserted by a third person from whom damages are sought on account of [an employee's] injuries or death." Here, LP is the third "person" from whom Maney seeks damages on account of Fogleson's injuries and death. Having held above that Maney's claims against Cheff are barred by the exclusive remedy provision in § 39-71-411, MCA, we conclude that the statute also bars LP from asserting claims of indemnity and contribution against Cheff for those claims. Consequently, we hold that the District Court did not abuse its discretion in denying LP's motion for leave to file a cross-claim against Cheff.

¶34 Affirmed.

/S/ KARLA M. GRAY

We concur:

/S/ J. A. TURNAGE

/S/ TERRY N. TRIEWEILER

/S/ W. WILLIAM LEAPHART

/S/ JIM REGNIER

/S/ JAMES C. NELSON

Justice William E. Hunt, Sr.:

I dissent.


/S/ WILLIAM E. HUNT, SR.