CHIEF JUSTICE GRAY,
concurring in part and dissenting in part.
¶71 I concur in the Court’s opinion except for those portions of the discussion of Issue 3 recognizing a parent’s loss of consortium claim for the death of an adult child. I respectfully dissent therefrom and would follow the lead of other jurisdictions in declining to recognize a cause of action for a parent’s loss of consortium of an adult child.
¶72 The Court’s opinion is premised on the prediction of a United States District Judge for the District of Montana in Bear Medicine, that we would adopt a loss of consortium cause of action for parents of adult children. We are not constrained to fulfill the Federal District Court’s prediction. See Maney v. Louisiana Pacific Corp., 2000 MT 366, ¶ 26, 303 Mont. 398, ¶ 26, 15 P.3d 962, ¶ 26 (citations omitted). I would not do so in the present case.
¶73 I do agree with Chief Judge Molloy’s observation in Bear Medicine, 192 F.Supp.2d at 1067, that this Court has “recognized repeatedly [our] authority and responsibility for the continued development of the common law.” In that regard, I take this opportunity to briefly review the development of Montana law concerning claims arising out of the parent-child relationship.
*368 ¶74 In Dawson v. Hill & Hill Truck Lines (1983), 206 Mont. 325, 671 P.2d 589, we answered a certified question asking whether damages for sorrow, mental distress or grief of the parents of a deceased minor were recoverable in a wrongful death action brought pursuant to § 27-1-512, MCA (1979). Two statutes were at issue. Section 27-1-512, MCA (1979), allowed a parent or guardian to bring an action for injury to-or the wrongful death of-a minor child or ward. Section 27-1-323, MCA (1979), provided: “[i]n every action under 27-1-512 and 27-1-513, such damages may be given as under all the circumstances of the case may be just.” We determined that parents may recover for sorrow, mental distress or grief resulting from the death of a minor child in a wrongful death action pursuant to § 27-1-512, MCA (1979). Dawson, 206 Mont. at 332-33, 671 P.2d at 593-94.
¶75 In Pence v. Fox (1991), 248 Mont. 521, 813 P.2d 429, we were asked whether a minor child has a separate cause of action for loss of parental consortium when a parent is tortiously injured and rendered quadriplegic. In responding, we traced the history of consortium claims back to ancient Roman civil law, under which only a husband could bring a claim for loss of consortium. We observed that the law finally recognized a wife’s right to bring consortium claims for loss caused by negligence in 1950. Pence, 248 Mont. at 523, 813 P.2d at 430-31 (citations omitted). We also noted that minor children have been able to bring consortium claims for the death of a parent since 1983. Pence, 248 Mont. at 524, 813 P.2d at 431 (citation omitted).
¶76 In discussing whether to broaden a child’s consortium claim to encompass a parent tortiously injured and rendered quadriplegic, we focused on a minor child’s legal rights to the support, aid, protection, affection, society, discipline, guidance and training of their parents. Pence, 248 Mont. at 526-27, 813 P.2d at 432-33. On that basis, we held that minor children who have been deprived of those rights have a separate cause of action for loss of consortium when a parent is tortiously injured and rendered a quadriplegic. Pence, 248 Mont. at 527, 813 P.2d at 433.
¶77 Finally, two years later in Keele v. St. Vincent Hosp. (1993), 258 Mont. 158, 852 P.2d 574, which I was proud to author for the Court, we expanded Pence under our authority and responsibility for the continued development of the common law. Keele, 258 Mont. at 161, 852 P.2d at 576. We saw no rational basis for limiting loss of parental consortium claims to children whose parents are rendered quadriplegic. Ultimately, we held that a minor child may establish a claim for loss of parental consortium by showing (1) a third party tortiously caused the parent to suffer a serious, permanent and disabling mental or physical *369 injury compensable under Montana law; and (2) the parent’s condition of permanent mental or physical impairment is so overwhelming and severe that it causes the parent-child relationship to be destroyed or nearly destroyed. Keele, 258 Mont. at 162, 852 P.2d at 577.
¶78 This Court, over time, has properly developed the law regarding loss of consortium claims between parents and children. That we have expanded the law in this area in the past, however, does not require that we forever approve every expansion of the law presented to us. Nor, in my view, does wisdom support such an approach.
¶79 Loss of consortium is based on the recognition of a legally-protected interest in a personal relationship. See United States v. Standard Oil Co. of Cal. (1947), 332 U.S. 301, 311-12, 67 S.Ct. 1604, 1610, 91 L.Ed. 2067, 2074. Parents bear a natural and legal burden of care for their minor children. Similarly, minor children are legally entitled to the support, aid, affection and guidance of their parents. The same simply is not true for parents and adult children. Not every loss can be made compensable. Inevitably, lines must be drawn establishing the legal limits of liability for a tortious act. As a result, allowing tort claims for loss of consortium by parents of an adult child has less legal and logical support than allowing such claims by parents of a minor child.
¶80 In fact, the majority of jurisdictions which have addressed this issue have not recognized a cause of action for loss of consortium for a parent of an adult child. Boucher v. Dixie Medical Center (Utah 1992), 850 P.2d 1179, 1183. See also Morris v. State (Tenn. Ct. App. 1999), 21 S.W.3d 196, 200; Cole v. Broomsticks, Inc. (Ohio App. 1 Dist. 1995), 669 N.E.2d 253, 256, appeal not allowed, 663 N.E.2d 1301; and Counts v. Hospitality Employees, Inc. (Iowa 1994), 518 N.W.2d 358, 361. Reasons for declining to judicially expand the law to recognize claims for parents’ loss of consortium of an adult child include that the injury is too remote from the negligence or too out of proportion to the culpability of the negligent tortfeasor, and allowing recovery would place too unreasonable a burden on negligent tortfeasors and would enter a field that has no sensible or just stopping point. See Morris, 21 S.W.3d at 200 (citations omitted). I agree with those reasons.
¶81 I would decline to judicially extend the common law to create a new tort action for a parent’s loss of consortium of an adult child. As is clear from the present case, Ardell had — and successfully prosecuted — a claim for compensation for “grief, sorrow and mental anguish” in the wrongful death action. There is simply no need for yet another judicially- created “remedy.”
JUSTICE RICE and JUSTICE WARNER join in the foregoing concurring and dissenting opinion of CHIEF JUSTICE GRAY.