# In the Matter of NORWEST CAPITAL MANAGEMENT AND TRUST COMPANY, et al., and Marcella E. Maki, Joint Petitioners.

No. 84-494.
Submitted on Briefs Feb. 28, 1985.
Decided April 9, 1985.
697 P.2d 930.

Nye & Meyer, Billings, for appellant.
Moses Law Firm, Billings, for respondent.

MR. JUSTICE MORRISON delivered the Opinion of the Court.

This is an appeal from a declaratory judgment of the District Court of the Thirteenth Judicial District in Yellowstone County de-

claring Ruth Maki, mother of decedent Carmen Maki, the sole heir of her daughter's estate for the purpose of bringing a wrongful death action.

On December 21, 1983, the parties filed a joint petition for a declaratory judgment in the District Court of the Thirteenth Judicial District in Yellowstone County, to determine where mother and/or sister are "heirs" qualifying them to maintain an action for the wrongful death of Carmen Maki under Section 27-1-513, MCA. Norwest Capital Management & Trust Company was Conservator of the Estate of Ruth Maki, mother of decedent Carmen Maki. The other Joint Petitioner was Marcella E. Maki, the sister of decedent Carmen Maki.

At the pre-trial conference, the trial court indicated it would decide the legal issue based upon stipulated facts submitted by the parties. On October 2, 1984, the District Court entered its judgment in favor of Norwest, declaring Ruth Maki the sole heir. Marcella Maki appeals.

The joint petition presented the following undisputed facts: "On May 27, 1983, Carmen Maki was killed in an automobile accident in Fergus County, Montana. Carmen Maki was an individual of legal age who resided in Billings, Yellowstone County, Montana, at the time of her death.

"Ruth Maki is the natural mother of Carmen Maki and Marcy Maki is the sister of Carmen Maki. Carmen Maki left no other surviving relatives of any degree of kinship enumerated in Sections 72-2-202 and 72-2-203, MCA.

"The death of Carmen Maki has given rise to an action for wrongful death."

The trial judge declared that Ruth Maki, as mother of decedent, is the sole heir for purposes of maintaining a wrongful death action. We affirm.

Montana's wrongful death statute, 27-1-513, MCA, grants only "heirs and personal representatives" the right to "maintain" an action for wrongful death. Nowhere in the wrongful death statutory scheme is "heir" defined. In *Versland v. Caron Transport* (1983), [206 Mont. 313,] 671 P.2d 583, 40 St.Rep. 1681, this Court defined "heirs" as "those persons who are entitled to the property of a decedent under the statutes of intestate succession."

The trial judge in this appeal correctly adopted the rationale in the concurring opinion of *Johnson v. Marias River Electric Coop.* (1984), [211 Mont. 149,] 687 P.2d 668, 41 St.Rep. 1528, by applying

the statutory definition in effect at the time of the enactment of the wrongful death statute to determine which parties qualified as "heirs." We reject the appellant's argument that the date of the *original* enactment of the wrongful death statute, 1871, is the determinative date by which "heir" is defined. Montana's 1871 intestate succession laws included "sisters" in the same line as mothers and fathers.

Both Montana's intestate succession and wrongful death statutes were amended in 1877. The Wrongful Death Act changed the class of individuals allowed to recover from "the widow and next of kin of such deceased person . . ." to "heirs and personal representatives." Since the operative term "heirs" was introduced by this 1877 enactment, the definition in the 1877 intestate succession statutory scheme is the controlling law. The intestate succession statute was amended in 1877 to drop "sisters" from the same succession line as parents. "Heir" means those who take upon decedent's death under the intestacy statute. After the 1877 amendment the Maki heir is the mother only. We affirm the trial court's judgment relying upon the *Johnson* rationale denying Marcella Maki the status of "heir" and declaring Ruth Maki, decedent's mother, as sole heir.

MR. CHIEF JUSTICE TURNAGE and MR. JUSTICES WEBER, SHEEHY and GULBRANDSON concur.