NO. 95-524

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

DAN KLEINHESSELINK,

      Plaintiff and Appellant,

  v.

CHEVRON, U.S.A., THE PITTSBURG & MIDWAY
COAL MINING COMPANY, MANVILLE MINING and
STILLWATER MINING COMPANY,

      Defendants and Respondents.

FILED

JUL 24 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Thirteenth Judicial District,
                In and for the County of Stillwater,
                The Honorable Diane G. Barz, Judge presiding.

COUNSEL OF RECORD:

      For Appellant:

          Donald W. Molloy; Molloy Law Offices,
          Billings, Montana

          Adele P. Kimmel; Trial Lawyers for Public
          Justice, Washington, D.C.

      For Respondents:

          Jeanne M. Bender, Patricia D. Peter-man;
          Holland & Hart, Billings, Montana

Submitted on Briefs:  April 25, 1996

Decided:  July 24, 1996

Filed:

_____
Clerk

Justice Karla M. Gray delivered the Opinion of Court

Dan Kleinhesselink (Kleinhesselink) appeals from an order of the Thirteenth Judicial District Court, Stillwater County, dismissing his complaint for failure to state a claim upon which relief can be granted. We reverse and remand.

The issue on appeal is whether the District Court erred in dismissing Kleinhesselink's complaint pursuant to Rule 12(b) (6), M.R.Civ.P., on the basis that the exclusivity clause of the Workers' Compensation Act bars his claims.

Kleinhesselink was employed by the Stillwater Mining Company at the Stillwater Mine near Nye, Montana. He held various safety positions, including Safety Coordinator. Kleinhesselink alleges that, during his employment, employees of the Stillwater Mining Company negligently disregarded safety and that such disregard resulted in deaths and injuries at the mine. According to Kleinhesselink, those deaths and injuries could have been avoided if his safety recommendations had been followed.

Kleinhesselink further alleges that, due to the deaths and injuries at the mine, he experienced guilt and suffered from depression, chronic fatigue, insomnia, nausea, headaches, muscle spasms and digestive problems. His request for Workers' Compensation benefits was denied.

Kleinhesselink subsequently filed a complaint alleging two counts of negligence against Chevron U.S.A., the Pittsburg &Midway Coal Mining Company, Manville Mining and the Stillwater Mining Company. All four defendants ultimately moved to dismiss

2

Kleinhesselink's complaint for failure to state a claim upon which relief could be granted. Hereafter, we refer to the defendants collectively as Chevron and consider the separate motions to dismiss as one motion.

Chevron based its motion to dismiss solely on the exclusivity clause of the Workers' Compensation Act (the Act), § 39-71-411, MCA, arguing that "Montana law clearly holds that Kleinhesselink cannot maintain negligence claims against his employer if his employer has secured workers' compensation insurance." The District Court agreed that the entirety of Kleinhesselink's negligence action was barred by § 39-71-411, MCA, and dismissed his complaint for failure to state a claim upon which relief could be granted. Kleinhesselink appeals.

> Did the District Court err in dismissing Kleinhesselink's complaint pursuant to Rule 12(b)(6), M.R.Civ.P., on the basis that the exclusivity clause of the Workers' Compensation Act bars his claims?

In reviewing a Rule 12(b)(6), M.R.Civ.P., motion to dismiss, courts are required to construe the complaint in a light most favorable to the plaintiff. Loney v. Milodragovich, Dale & Dye, P.C. (1995), 273 Mont. 506, 509, 905 P.2d 158, 160. Such a motion has the effect of admitting as true all of the well-pleaded allegations of fact in the complaint. Mogan v. City of Harlem (1987), 227 Mont. 435, 437, 739 P.2d 491, 493. A complaint should not be dismissed pursuant to Rule 12(b)(6), M.R.Civ.P., unless it appears certain that the plaintiff will be unable to recover under any set of facts which could be proven in support of his claim. Mogan, 739 P.2d at 492-93. Rule 12(b)(6), M.R.Civ.P., motions to

3

dismiss are viewed with disfavor and a complaint should be dismissed only if the allegations in the complaint clearly demonstrate that the plaintiff does not have a claim. Buttrell v. McBride Land & Livestock (1976), 170 Mont. 296, 298, 553 P.2d 407, 408 (quoting Wheeler v. Moe (1973), 163 Mont. 154, 160, 515 P.2d 679, 683).

In granting Chevron's motion, the District Court correctly noted that "purely mental or emotional injuries" are not compensable under the Act. See § 39-71-119(3), MCA; Stratemeyer v. Lincoln County (1993), 259 Mont. 147, 855 P.2d 506 (Stratemeyer I). It then concluded that "[t]he exclusivity clause [set forth at § 39-71-411, MCA] provides an employer is not liable for a covered employment unless held liable under the Act." On those bases, the court concluded that Kleinhesselink could neither recover under the Act nor sue in tort and dismissed his complaint for failure to state a claim upon which relief could be granted.

The District Court's determination that Kleinhesselink's complaint failed to state a claim upon which relief could be granted as a result of the Act's exclusivity provision is a conclusion of law. Loney, 905 P.2d at 161. We review a district court's conclusion of law to determine if the interpretation of the law is correct. Loney, 905 P.2d at 161 (citation omitted).

Section 39-71-411, MCA, provides in pertinent part:

For all employments covered under the Workers' Compensation Act or for which an election has been made for coverage under this chapter, the provisions of this chapter are exclusive. Except as provided in part 5 of

4

> this chapter for uninsured employers and except as otherwise provided in the Workers' Compensation Act, an employer is not subject to any liability whatever for the death of or personal injury to an employee covered by the Workers' Compensation Act or for any claims for contribution or indemnity asserted by a third person from whom damages are sought on account of such injuries or death.

Approximately five months after the District Court dismissed Kleinhesselink's complaint and Kleinhesselink filed his notice of appeal, we decided Stratemeyer v. Lincoln County (Mont. 1996), 915 P.2d 175, 53 St.Rep. 245 (Stratemever II), wherein we interpreted the foregoing statute in the context of injuries excluded from coverage under the Act. We give retroactive effect to judicial decisions. Porter v. Galarneau (Mont. 1996), 911 P.2d 1143, 1150, 53 St.Rep. 99, 103. Therefore, Stratemever II is applicable to this case even though it was not available to the District Court in addressing Chevron's motion to dismiss Kleinhesselink's complaint.

The plaintiff in Stratemever II sued his employer in tort for a mental injury excluded from coverage under the Act. See § 39-71-119(3)(a), MCA; Stratemever II, 915 P.2d at 177. The district court dismissed his complaint based, in part, on the exclusivity provision of the Act, § 39-71-411, MCA. Stratemever II, 915 P.2d at 176.

On appeal, we reviewed the history of the Act, emphasizing that it was a compromise between industry and labor pursuant to which workers received guaranteed no-fault recovery and industry was relieved of the possibility of large damage awards in the tort system. Stratemever II, 915 P.2d at 179 (citation omitted).

> The quid pro quo between employers and employees is central to the Act; thus, it is axiomatic that there must be some possibility of recovery by the employee for the compromise to hold. The scope of immunity from tort [liability] relates to the definition of injury under § 39-71-119, MCA.

Stratemeyer II, 915 P.2d at 179. Thus, injuries expressly excluded from coverage under the Act by § 39-71-119, MCA, are also excluded from the shield against tort liability provided to employers by the exclusivity clause in § 39-71-411, MCA. See Stratemeyer II, 915 P.2d at 181. Because the plaintiff's "mental-mental" injury was excluded from coverage by § 39-71-119(3)(a), MCA, we concluded that the plaintiff was entitled to sue his employer in tort. Stratemeyer II, 915 P.2d at 182.

We note that the plaintiff's alleged injuries in Stratemeyer II and Kleinhesselink's alleged injuries in this case are not identical. In Stratemeyer II, the plaintiff suffered a "mental-mental" injury which, in statutory terms, is a mental injury arising from emotional or mental stress. See Stratemeyer II, 915 P.2d at 180; § 39-71-119(3)(a), MCA. Here, Kleinhesselink alleges both "mental-mental" and "mental-physical" injuries; in other words, Kleinhesselink alleges mental, emotional and physical injuries arising from emotional or mental stress caused by deaths and injuries at the mine.

Section 39-71-119(3)(a), MCA, excludes both physical and mental conditions arising from emotional or mental stress from coverage under the Act. Thus, Kleinhesselink is clearly precluded from recovery under the Act for his alleged injuries. As a result, our holding in Stratemeyer II that tort remedies are available to

6

an employee whose injuries are excluded from coverage under the Act pursuant to § 39-71-119, MCA, is equally applicable here. See Stratemever II, 915 P.2d at 181-82. Accordingly, we hold that the District Court erred in concluding that the Act's exclusive remedy provision barred Kleinhesselink's negligence action in its entirety and in dismissing his complaint under Rule 12(b)(6), M.R.Civ.P., on that basis.

Reversed and remanded.

_____
Justice

We concur.

_____
Chief Justice

_____

_____

_____
Justices

Justice Charles E. Erdmann dissenting.

I respectfully dissent from the majority opinion consistent with my dissent in Stratemeyer v. Lincoln County (Mont. 1996), 915 P.2d 175, 53 St. Rep. 245.

_____
Justice


Chief Justice J. A. Turnage joins in the foregoing dissenting opinion.

_____
Chief Justice

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Donald W. Molloy, Esq.
Molloy Law Offices
P.O. Box 1617
Billings, MT 59103-1617

Adele P. Kimmel, Esq.
Trial Lawyers for Public Justice
1717 Massachusetts Ave., N.W., Ste. 800
Washington, D.C. 20036

Jeanne M. Bender, Esq.
Patricia D. Peterman, Esq.
Holland & Hart
P.O. Box 639
Billings, MT 59103-0639

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy