**Melvin and Lavaun NELSON, in their own right and Lavaun Nelson as Personal Representative of the Estate of Bradley J. Nelson, deceased, Plaintiffs,**

v.

**Matthew William HAWKINS and Inland Empire Shows, Inc., an Idaho Corporation, Defendants.**

**No. CV–98–39–M–DWM.**

United States District Court,
D. Montana,
Missoula Division.

March 25, 1999.

Sydney E. McKenna, Tornabene & McKenna, Missoula, MT, for plaintiffs.

John E. Bohyer, Phillips & Bohyer, PC, Missoula, MT, for defendants.

### ORDER

MOLLOY, District Judge.

This case involves the conflict between the tragic loss of life, and the devastating cost of political disefranchisment. It is a case that raises questions of policy about how the State of Montana treats working men and women who are killed on the job and their families.

Bradley Nelson was killed in a work related truck wreck. His parents want to pursue claims for his wrongful death and survivorship. Yet, Montana law bars their claims. They argue that the statutory death benefit set by the legislature for an unmarried childless worker is unconscionable. From Montana case precedent they argue by analogy that *deminimis* benefits should be treated the same as no benefits. If this is so, the exclusive remedy statute would not apply and their claims could go forward. The Nelson's also claim the exclusive remedy provision of Montana's Workers Compensation Act is in direct conflict with their constitutional right to full legal redress under Article II § 16 of the Montana Constitution.

Cross motions for summary judgment are pending. I have considered the briefs of the parties, listened to oral argument on the issues presented, and engaged in colloquy with counsel about the questions presented. The death benefits set by the Montana Legislature for unmarried workers killed on the job are appalling. Even so, I am constrained for the reasons set forth below, to find in favor of the defendant on all the legal questions presented but one.

### I. Background

On August 4, 1997, Matthew Hawkins and Bradley Nelson were transporting a carnival ride by tractor-trailer for Inland Empire when Hawkins, who was driving, got stung by a bee. Hawkins lost control of the trailer and the vehicle rolled over. The accident happened about 5.9 miles east of Drummond on I–90, in Granite County, at about 5:15 p.m. Nelson had been employed by Inland Empire for two days. Hawkins was killed immediately in the accident. Nelson was still alive when a police officer arrived on the scene at 5:41 p.m. According to the police report, Nelson was "pronounced dead by a St. Patrick

hospital doctor via medical equipment of lifeflight air ambulance at 18:09 hours."

Workers compensation benefits were paid to Nelson's parents in the amount of $3,000 for the death of their son; $1,400 for funeral expenses and $240 for medical expenses.

In this action, the plaintiffs allege negligent infliction of emotional distress. Count III of the complaint is Brad Nelson's survival action, and Count IV of the complaint is the family's wrongful death action. Plaintiffs move for summary judgment on the issue of whether they can proceed to trial on the wrongful death and survivorship claims. The defendants, Hawkins and Inland Empire, move for summary judgment on all the issues raised in the complaint.

## II. Legal Standard

Rule 56(c) of the Federal Rules of Civil Procedure provides that a court may grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." A party seeking summary judgment must show the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Once the moving party has made this showing, the nonmoving party must "designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324, 106 S.Ct. 2548 (quoting Fed.R.Civ.P. 56(c)). "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita,* 475 U.S. at 586, 106 S.Ct. 1348. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby,* 477 U.S. at 249–50, 106 S.Ct. 2505.

## III. Discussion

### A. Brad Nelson's claims

■ The motion for summary judgment is based on an argument that if there is not a "fair" *quid pro quo* in the facts of a given case, then the employer's immunity under the exclusive remedy rule of the workers' compensation statute must be removed. In making this argument plaintiffs rely on the history and policy behind the workers compensation statute. The plaintiffs take the position that when claims are not adequately or reasonably compensated by the workers compensation statute, then the employee may bring a tort claim. This position, the plaintiffs argue, is supported by the Montana Supreme Court's holdings in three cases: *Stratemeyer v. Lincoln County,* 276 Mont. 67, 915 P.2d 175 (1996) (*Stratemeyer II*); *Kleinhesselink v. Chevron U.S.A.,* 277 Mont. 158, 920 P.2d 108 (1996); and *Yarborough v. Montana Municipal Insurance Authority,* 282 Mont. 475, 938 P.2d 679 (1997).

The defendants respond to this argument by pointing out that when an employee's injuries or death occurs in the course and scope of employment, then the workers compensation provides the level of compensation. The fact that the level of benefits paid is minimal does not justify going outside the workers compensation scheme. There is no "fairness" evaluation to be applied. Defendants argue that the exceptions carved out by the Montana Supreme Court in *Stratemeyer, Kleinhesselink* and *Yarborough* stand for the premise that when the workers compensation statute does not provide any benefits at all for the injury sustained by the employee, then the employee may resort to requesting a remedy in the common law.

The plaintiffs then argue that there are situations in which benefits paid under the

workers compensation statute are so minimal that they are unconstitutional. The constitutional challenge is founded on an argument about the policy behind the workers compensation statute and Montana's guarantee of full legal redress. Art. II § 16, 1972 Montana Constitution.

### 1. *Stratemeyer v. Lincoln County*

In *Stratemeyer v. Lincoln County*, 276 Mont. 67, 915 P.2d 175 (1996), the Montana Supreme Court sanctioned a plaintiff's right to seek legal redress outside the scope of the workers compensation act. Stratemeyer, a police officer, observed a traumatic gunshot wound to a suicide victim. Stratemeyer was unable to save the victim and watched her die in her father's arms. Stratemeyer requested workers compensation for his emotional injuries arising from that incident. In *Stratemeyer* there was no physical stimulus and no physical injuries were alleged. In finding that Stratemeyer's tort claim was not barred by the exclusive remedy provision of the workers compensation statute, the Montana Supreme Court stated that "[a]bsent the quid pro quo, the exclusive remedy cannot stand, and the employer is thus exposed to tort liability." *Id.* at 180. That statement is prefaced by the Court's determination that "it is unequivocally clear that mental injuries, such as Stratemeyer's, are beyond the scope of coverage of the Worker's Compensation Act." *Id.*

The plaintiffs here argue that the injuries suffered by Brad Nelson are beyond the scope of the act *because* there is no quid pro quo by virtue of the minimal level of benefits paid. That is a different argument than the one on which *Stratemeyer's* holding is based. The first premise of *Stratemeyer* is that the injury at issue was not covered by the workers compensation statute. *Id.* at 180. The second premise is that the "employer cannot receive the benefit of the exclusive remedy provision when the Act's definition of 'injury' precludes any possibility of recovery for the particular injury at issue." *Id.* As a result,

the absence of compensation for the injury suffered removes the employer's shield from a tort claim.

*Stratemeyer* does not stand for the concept that plaintiffs suggest. The plaintiffs argue that too little compensation amounts to no compensation. The argument is an equitable one founded on a specific view of life's value and the notion of fairness. The moral principal upon which the argument rests must be measured by the power of a state legislature to enact law with underpinnings that are incompatible with a humanist philosophy. While the argument is appealing to the heart it is not legally persuasive on the facts presented here. The normative proposition about what the law ought to be does not bring the plaintiffs claims within the holding in *Stratemeyer*. The legal issue here is not whether I "determine[s] that the quid pro quo bargain is fair". (Plaintiff's brief pg 9) The question is whether the Montana legislature has the power to do what they have done.

### 2. *Kleinhesselink v. Chevron U.S.A.*

In *Kleinhesselink v. Chevron U.S.A.*, 277 Mont. 158, 920 P.2d 108 (1996) the Montana Supreme Court extended the holding of *Stratemeyer* slightly. Kleinhesselink was a safety coordinator at the Stillwater Mine near Nye. Some injuries and deaths occurred at the mine as a result of other miners disregarding safety procedures. Kleinhesselink sought compensation for his emotional and physical injuries that arose out of the mental stress related to safety problems in the mine. The Court found that these injuries were non-compensable under the act and therefore a tort claim was viable. "[I]njuries expressly excluded from coverage under the act are also excluded from the shield against tort liability provided to employers by the exclusivity clause." *Id. Kleinhesselink's* extension of *Stratemeyer* does not justify extending *Stratemeyer* to cover the facts of this case. The exclusion of the injury from coverage under the act is what allows

the viability of a tort claim. Unlike the *Stratemeyer* and *Kleinhesselink* cases where there was no compensation remedy, in this case Bradely Nelson's estate was compensated, albeit with a draconian "benefit" at best. If the penurious death benefit fails, it must do so for constitutional reasons. The statute can not be construed to mean that a bad benefit is the same as no benefit.

### 3. *Yarborough v. Mont.Mun.Ins.Auth.*

The Montana Supreme Court's decision in *Yarborough v. Mont.Mun.Ins. Auth.*, 282 Mont. 475, 938 P.2d 679 (1997), does not help plaintiff's case. Yarborough, a fire fighter, suffered emotional injury after witnessing and being tangentially burned by a fireball when he was fighting a fire. The injury at issue in *Yarborough* could have been determined to be caused by a physical or mental stressor, depending on an interpretation of the facts. The workers compensation court found that the injury arose out of emotional or mental stress and was therefore excluded from coverage under the act. Yarborough appealed, arguing that his injury arose out of a physical stimulus.

The *Stratemeyer* analysis was not at issue in *Yarborough*. *Id.* at 683. The Montana Supreme Court decided the case on the legal significance of the facts. The crucial question was whether Yarborough's injuries were caused by a physical or by a mental insult. The Court affirmed the workers compensation court, holding that the medical testimony linked Yarborough's injuries to the explosion (the mental injury) and not to his burns (the physical injury). Because the mental injury suffered was a result of a mental stimulus, coverage was excluded by the workers compensation act. *Id.* at 684.

### 4. *Mental Injuries*

■ The plaintiffs' argue that Brad Nelson sustained mental injuries that are separate from, and that did not arise out of his physical injuries and death. The no-

tion here is that if such injuries occurred they are outside the compensation laws based on the reasoning of *Stratemeyer* and *Kleinhesselink*. The facts do no support the argument. Here a continual sequence of events happened so quickly that the event is not severable. The stimulus that caused Brad Nelson's death was not a mental stimulus but rather the physical stimulus of the tractor-trailer rolling over. The argument rests on an inference involving the common sense notion that Brad Nelson probably knew his fate, at least momentarily, before he met it. It is nearly impossible to sort out the momentary fear he suffered before the wreck and distinguish it from his physical and mental anguish that was caused by the crash.

The argument fails because it can not be legally placed within the reasoning of the *Stratemeyer* and *Kleinhesselink* cases. The exceptions recognized by those cases would swallow the statutory immunity in every worker's compensation case that involved personal injury or death were I to hold otherwise. I do not think the Montana Supreme Court would so hold. Consequently the defendant is entitled to summary judgment on this theoretical claim.

### B. Wrongful Death Claim

A wrongful death claim, by statute, can only be maintained by the personal representative of the estate of the decedent.

Before 1985, the wrongful death statute read:

> When the death of one person, not being a minor, is caused by the wrongful act or neglect of another, *his heirs or personal representatives* may maintain an action for damages against the person causing the death or, if such person be employed by another person who is responsible for his conduct, then also against such other person.

In 1987, this section was changed to read:

> When injuries to and the death of one person are caused by the wrongful act

or neglect of another, **the personal representative of the decedent's estate** may maintain an action for damages against the person causing the death or, if such person be employed by another person who is responsible for his conduct, then also against such other person. MCA § 27–1–513 (emphasis added).

In *In re Norwest Capital Management & Trust Co.*, 215 Mont. 399, 697 P.2d 930 (1985) the decedent was survived by a mother and a sister. They filed a joint petition for a declaratory judgment seeking to determine who could maintain an action for decedent's wrongful death. The Court interpreted the word "heirs" as allowing the mother to bring the wrongful death claim. Nonetheless it held that only one wrongful death claim could be brought. There is only one case for a wrongful death action in Montana. The case can be maintained by the personal representative of the estate and includes the obligation to assert any claims arising out of death or survivorship. *Swanson v. Champion International Corp.*, 197 Mont. 509, 515, 646 P.2d 1166, 1169 (1982).

The statute limits claims arising out of the survivorship or wrongful death actions to the extent that the personal representative must maintain them. Because wrongful death and survivorship claims are derivative claims, they are barred by the exclusivity provisions of the Montana Workers Compensation Act.

### C. The claims of Brad Nelson's family

The final aspect of this case is plaintiff's argument that the emotional distress claims of Brad Nelson's survivors are cognizable under *Sacco v. High Country Independent Press*, 271 Mont. 209, 896 P.2d 411 (1995). They argue these claims are separate from the decedent's injuries and death. The defendants respond that damages recoverable in a wrongful death action are personal to the survivors, while damages recoverable in a survival action are personal to the decedent. *Swanson v.*

*Champion International Corp.*, 197 Mont. 509, 646 P.2d 1166, 1169–70 (1982). The only damages that the family could recover for emotional distress, assuming that Sacco applies, would be for Brad Nelson's wrongful death. The defendant argues this action would only be viable by the personal representative of the estate, and even then, could only be brought if the action under the workers compensation is allowed as a tort claim.

When benefits are paid under the workers compensation act, redress against the employer may not be sought. *See, Raisler v. Burlington Northern Railroad Co.*, 219 Mont. 254, 717 P.2d 535 (1985). Negligent infliction of emotional distress is cognizable as a tort claim where serious or severe emotional distress to the plaintiff was a reasonably foreseeable consequence of the defendant's negligent act or omission. *Sacco, id.*, 896 P.2d at 425. The Court in *Sacco* adopted the Restatement (Second) of Torts' definition of severe emotional distress. "The law intervenes only where the distress inflicted is so severe that no reasonable [person] could be expected to endure it."

The complication here arises from the nature of the claims. The Sacco claim is distinct from a wrongful death claim. The elements of the claim are different. The damages are different. So, the argument goes, to bar the *Sacco* claim is to violate Article II § 16 of the Montana Constitution as well as the policy behind the *Stratemeyer* and *Kleinhesselink* cases. In other words, the parents have the *Sacco* claim, they have no relationship with the employer, therefore there is no quid quo pro between the two and the full legal redress requirement of the constitution is violated if their claim is barred by the exclusivity statute.

The defendant relies on the statute and the view that the words "all persons having any right or claim to compensation for his injury or death" are intended to bind anyone as to suits against the employer.

*Swanson v. Champion International Corp.*, 197 Mont. 509, 646 P.2d 1166, 1173 (1982). While the argument is made that the claims are barred whether they are considered "independent" or "derivative" (Def. Brief pg 8), I am persuaded that the distinction is important. If the *Sacco* claim is derivative then the argument is well taken. On the other hand if the claim is independent it could not be barred by the exclusivity statute under the reasoning of *Stratemeyer* and *Kleinhesselink.*

In *Sacco* the Montana Supreme Court clarified the existing law of negligent infliction of emotional distress and delineated an approach articulating the proof required for such claims. The Court recognized negligent infliction of emotional distress as an independent, not derivative, cause of action.

> Therefore, we adopt the following standard for determining whether a plaintiff has demonstrated a cause of action for the negligent infliction of emotional distress. A cause of action for negligent infliction of emotional distress will arise under circumstances where serious or severe emotional distress to the plaintiff was the reasonably foreseeable consequence of the defendant's negligent act or omission.

*Sacco v. High Country Independent Press* 271 Mont. 209, 232, 896 P.2d 411 (1995).

To prove the claim the emotional distress must be "serious" or "severe" as those terms are defined by the Restatement (Second) of Torts § 46, comment j. *Id.* at 234, 896 P.2d 411. The proof required[1] is far different from the proof that must be shown to recover in a wrongful death case[2], or from the proof required to recover for mental or physical suffering in a personal injury case[3]. The paramount issue can be characterized by reference to duty. "In the past we have characterized emotional distress as an element of damages rather than a distinct cause of ac-

tion." *Id.* at 230, 896 P.2d 411. The duty here is owed to Nelson's parents. Their interest in freedom from mental distress is entitled to legal protection from defendant's conduct. *Id.* at 221, 896 P.2d 411. In *Sacco* the Court established that emotional distress claims are not parasitic damage claims. Instead an independent cause of action is recognized that acknowledges the duty to avoid inflicting serious or severe mental distress on innocent victims.

Because the Negligent Infliction of Emotional Distress claim is an independent claim that belongs to the injured individual, I find the plaintiff's argument on this issue persuasive. *Stratemeyer* and *Kleinhesselink* are premised on the notion that where there is no quid for quo, the exclusive remedy provision does not bar a tort claim. So too here. Brad Nelson's parents have no relationship with their son's employer. While their derivative claims are barred by the exclusivity statute, their independent claims are not.

Concern over the floodgate of claims this ruling might unleash is alleviated by the necessity of proving "that the emotional distress suffered is severe or serious." *Sacco* at 232, 896 P.2d 411. Concern that employers might be subjected to unlimited liability is alleviated by the necessity of "demonstrating that plaintiff's serious or severe emotional distress was the reasonably foreseeable consequence of defendant's negligent act or omission." *Id.* At 232.

While the defendant contends this holding creates an incongruous situation where an injured employee would be barred from asserting a claim against his employer, but his parents and siblings would be free to proceed, I do not find the argument persuasive. It flies in the face of the reasoning of *Stratemeyer* and *Kleinhesselink.* If the mental and emotional injuries to the

1.  See, MPI 15.03.

2.  See, MPI 25.20; 25.22.

3.  See, MPI 25.01.

workman are not barred by the exclusive remedy statute, the law would be turned on its head by barring the legally recognized claims for those kinds of injuries suffered by his parents. Such a holding would give the employer a protection the law does not recognize even when the mental injury claim arises out of harm done in the scope and course of an injured employee's job. The employer is not immune from the independent claims for the negligent infliction of emotional distress as that claim is narrowly defined by the Montana Supreme Court.

### III. Conclusion

The plaintiffs' motion for summary judgment (docket #23) is *denied* in all respects except for the independent claim of the parent's claim for the negligent infliction of emotional distress The defendants' motion for summary judgment (docket #20) is **granted** in all respects except for plaintiff's claim of the negligent infliction of emotional distress.

The clerk of court is directed to notify all parties of the entry of this order.