FILED

11/25/2025

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 25-0385

DA 25-0385

IN THE SUPREME COURT OF THE STATE OF MONTANA

2025 MT 273N

THOMAS SLIWINSKI,

　　　　Plaintiff and Appellant,

　　v.

LEAH MICHELLE COMEAU, aka LEAH
COMEAU-RHODES,

　　　　Defendant and Appellee.

APPEAL FROM:　District Court of the Fifth Judicial District,
　　　　　　　　In and For the County of Jefferson, Cause No. DV-2025-09
　　　　　　　　Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

　　　　For Appellant:

　　　　Thomas Sliwinski, Self-Represented, Deer Lodge, Montana

　　　　For Appellee:

　　　　Michael P. Talia, Erin M. Lyndes, Jackson, Murdo & Grant, P.C.,
　　　　Helena, Montana

　　　　　　　　　　　Submitted on Briefs:　November 5, 2025

　　　　　　　　　　　　　　Decided:　November 25, 2025

Filed:

_____
　　　　　　　　Clerk

Justice Ingrid Gustafson delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Appellant Thomas Sliwinski (Sliwinski) appeals from the May 7, 2025 order of the Fifth Judicial District Court, Jefferson County, dismissing Sliwinski's complaint against Appellee Leah Michelle Comeau, aka Leah Comeau-Rhodes (Rhodes), pursuant to M. R. Civ. P. 12(b)(6). We affirm.

**Background**

¶3 To better understand the current appeal, we provide some background as to Sliwinski's situation. In his opening brief, Sliwinski asserts that he and Rhodes were married in December 1991, and were subsequently divorced in the early 2000s. On January 21, 2003, Sliwinski was charged with sexual intercourse without consent for engaging in sexual activity with his stepdaughter who was 14 years old at the time of the charged offense. On March 10, 2003, Sliwinski pled guilty to criminal endangerment—admitting that in 1995 and part of 1996 he took H.L.C.S., when she was 15 years old, as a wife, and had sexual relations with her which produced a child in October 1996—for which the court imposed a ten-year suspended sentence on October 28, 2003. On May 7, 2004, Sliwinski was convicted of tampering with or fabricating evidence for which the court imposed a ten-year sentence consecutive to the prior criminal endangerment sentence. As

2

part of the conditions of his sentences, Sliwinski was required to register as a sex offender and complete sex offender treatment with an MSOTA provider. *See generally State v. Sliwinski*, No. DA 16-0614, 2018 MT 226N, 2018 Mont. LEXIS 302 (*Sliwinski I*).

¶4 Sliwinski began sex offender treatment, but in mid-June 2004 was terminated from that treatment and the State brought revocation actions to revoke his suspended sentences. At that time, Sliwinski was still residing with his victim and family members, including underage children, and not participating in sexual offender treatment. Sliwinski failed to appear at the revocation hearing and instead absconded to Mexico with his victim and minor children where he lived as a fugitive for over ten years. Upon his apprehension in Mexico, he was brought back to Montana to face revocation and bail jumping proceedings. Following a hearing on the revocation petitions, the district court revoked the previously imposed suspended sentences and on August 22, 2016, entered amended judgments sentencing Sliwinski to ten years in the Montana State Prison on the criminal endangerment charge and a consecutive five years, all suspended, on the tampering charge. On September 11, 2018, this court denied Sliwinski's appeal, finding neither ineffective assistance of counsel nor a due process violation. *Sliwinski I*, ¶ 17.

**Current appeal**

¶5 Sliwinski has been incarcerated for the past several years—which he asserts in his opening brief to be related to a conviction for bail jumping[1]—and in January 2025, he had a parole hearing. He reports he was denied parole.

---

[1] According to available electronic records, Sliwinski received a 40-year sentence for bail jumping on March 22, 2017.

3

¶6 Following denial of parole, Sliwinski filed a Complaint alleging four claims—libel, slander, civil conspiracy, and defamation against Rhodes. In sum, he alleged that as a result of her libel, slander, civil conspiracy, and defamation against him, he was denied parole. The allegations are to the effect that Rhodes made publications, oral and written, to the Montana Board of Pardons and Parole (MBPP) and on social media to family and others, expressing her opinions as to why Sliwinski should not be granted parole. The asserted libelous and slanderous statements were that Sliwinski is a child abuser, child rapist, wife abuser, violent person who is in prison for rape, and that she hates him and desires that he remain in prison. The gist of his civil conspiracy claim is that she invited social media followers to join her in writing to the MBPP to advocate Sliwinski be denied parole.

¶7 In response to the Complaint, Rhodes filed a Motion to Dismiss seeking dismissal of all claims pursuant to Rule 12(b)(6). Sliwinski filed his objection to the motion generally asserting his Complaint was sufficient and on May 7, 2025, the District Court entered its Order Granting Motion to Dismiss. On May 22, 2025, Sliwinski filed a motion seeking leave to amend his complaint and on May 23, 2025, filed in district court a Notice of Appeal to the Montana Supreme Court. Sliwinski now appeals the District Court's May 7, 2025 Order Granting Motion to Dismiss and asserts the District Court erred in not permitting him to amend his Complaint.

¶8 Whether an asserted claim fails to sufficiently state a claim for relief is a question of law which we review de novo for correctness under the standards of M. R. Civ. P. 12(b)(6). *Anderson v. ReconTrust Co., N.A.*, 2017 MT 313, ¶ 7, 390 Mont. 12, 407 P.3d 692. We review a district court's denial of a motion to amend a complaint

4

for abuse of discretion but review de novo whether the movant's proposed amendment would be futile. *Advocates for Sch. Trust Lands v. State*, 2022 MT 46, ¶ 7, 408 Mont. 39, 505 P.3d 825.

¶9     Our law as to the requirements to withstand a Rule 12(b)(6) motion to dismiss is well settled:

> An asserted claim is subject to dismissal if, as pled, it is insufficient to state a cognizable claim entitling the claimant to relief. M. R. Civ. P. 12(b)(6). Under Rule 12(b)(6), the court must take all well-pled factual assertions as true and view them in the light most favorable to the claimant, drawing all reasonable inferences in favor of the claim. *Kleinhesselink v. Chevron, U.S.A.*, 277 Mont. 158, 161, 920 P.2d 108, 110 (1996); *Boreen v. Christensen*, 267 Mont. 405, 408, 884 P.2d 761, 762 (1994); *Willson v. Taylor*, 194 Mont. 123, 126, 634 P.2d 1180, 1182 (1981). A claim is subject to M. R. Civ. P. 12(b)(6) dismissal only if it either fails to state a cognizable legal theory for relief or states an otherwise valid legal claim but fails to state sufficient facts that, if true, would entitle the claimant to relief under that claim. *See Kleinhesselink*, 277 Mont. at 161, 920 P.2d at 110; *Fandrich v. Capital Ford Lincoln Mercury*, 272 Mont. 425, 428-29, 901 P.2d 112, 114 (1995); *Boreen*, 267 Mont. at 408, 884 P.2d at 762. *See also Ryan v. City of Bozeman*, 279 Mont. 507, 511-13, 928 P.2d 228, 230-32 (1996) (claimant burden to "adequately plead a cause of action"); *Mysse v. Martens*, 279 Mont. 253, 266, 926 P.2d 765, 773 (1996) (complaint must state factual basis of all elements of a cognizable legal claim); M. R. Civ. P. 8(a) (complaint must set forth a short and plain statement of a cognizable legal claim showing that the pleader is entitled to relief). The liberal notice pleading requirements of M. R. Civ. P. 8(a) and 12(b)(6) do "not go so far to excuse omission of that which is material and necessary in order to entitle relief," and the "complaint must state something more than facts which, at most, would breed only a suspicion" that the claimant may be entitled to relief. *Jones v. Montana University System*, 2007 MT 82, ¶ 42, 337 Mont. 1, 55 P.3d 1247; *Ryan*, 279 Mont. at 512, 928 P.2d at 231; *Mysse*, 279 Mont. at 266, 926 P.2d at 773.

*Anderson*, ¶ 8.

¶10     Upon review of Sliwinski's Complaint, we find no error by the District Court in dismissing the Complaint for failure to state any sufficient claim for relief under Rule

5

12(b)(6). As noted by the District Court, Sliwinski asserts two kinds of publications were made by Rhodes in January 2025—publications to MBPP directly by her advocating that Sliwinski be denied parole and publications to family members and others via social media encouraging them to submit writings to MBPP advocating Sliwinski be denied parole. Defamation is effected by either libel or slander. Section 27-1-801, MCA. A "basic principal [sic] in the law of defamation is that an expression of opinion generally does not carry a defamatory meaning and is thus not actionable." *McConkey v. Flathead Elec. Coop.*, 2005 MT 334, ¶ 49, 125 P.3d 1121, 330 Mont. 48 (citation omitted). Libel is defined as a "false and *unprivileged* publication [ ] that exposes any person to hatred, contempt, ridicule, or obloquy or causes a person to be shunned or avoided or that has a tendency to injure a person in the person's occupation." Section 27-1-802, MCA (emphasis added). Slander is defined as a "false and *unprivileged* publication other than libel" that charges a person has been indicted, convicted, or punished of a crime; imputes the existence of an infectious, contagious, or loathsome disease in another; tends to injure a person in a variety of defined ways; imputes impotence or want of chastity in another; or by natural consequence causes actual damage. Section 27-1-803, MCA (emphasis added). A "privileged communication" includes one made "in any [ ] judicial proceeding or in any other official proceeding authorized by law[.]" Section 27-1-804(2), MCA. A parole hearing before MBPP is an "official proceeding authorized by law." As correctly noted by the District Court, publications, written or oral, made in connection with proceedings before the MBPP are privileged and as such, cannot form the basis of a claim for libel or slander. Clearly, the publications made by Rhodes to the MBPP were "privileged

6

communications" under § 27-1-804, MCA, and thus, do not meet the statutory definition of libel or slander as each required unprivileged communications. Further, Rhodes's publications to family and on social media which Sliwinski asserts to be the basis for some of his slander, libel, and defamation claims were related to encouraging others to submit publications to MBPP for consideration at Sliwinski's parole hearing. It is clear from Sliwinski's Complaint that his claims against Rhodes are related to her publications to MBPP and her encouragement to others to submit publications to MBPP requesting it deny Sliwinski parole. Rhodes's encouragement to others and any submissions made as a result of those encouragements are considered privileged communications under § 27-1-804, MCA, as they were made in relation to Sliwinski's official MBPP parole proceeding. As such, the District Court did not err in concluding that such publications were privileged and could not form the basis for Sliwinski's asserted libel and slander claims. Since the publications were privileged, we need not also consider their veracity or their impact on Sliwinski to determine they cannot form the basis for libel or slander claims.

¶11 Additionally, from our review of the record, we agree with the District Court that the publications made by Rhodes directly to MBPP and to family and others via social media were generalized statements of opinion as to her characterizations of his convictions, her desire he remain incarcerated, and her significant dislike of Sliwinski. None were of such a nature to be actionable libel or slander. *See McConkey*, ¶ 49.

¶12 We thus turn to Sliwinski's pled civil conspiracy claim. As correctly noted by the District Court, the elements of a civil conspiracy are: "(1) two or more persons, and for this purpose, a corporation is a person; (2) an object to be accomplished; (3) a meeting of

7

the minds on the object or course of action; (4) one or more unlawful overt acts; and (5) damages as the proximate result thereof. Moreover, it is not the conspiracy itself that gives rise to the cause of action; it is the torts committed or the wrong done in furtherance of a civil conspiracy that do so." *Schumacker v. Meridian Oil Co.*, 1998 MT 79, ¶ 18, 288 Mont. 217, 956 P.2d 1370 (quoting *Simmons Oil Corp. v. Holly Corp.*, 258 Mont. 79, 91, 852 P.2d 523, 530 (1993)). Sliwinski's claim for civil conspiracy does not allege any facts showing a meeting of the minds or unlawful overt acts. Taking all of the allegations asserted as true, they still do not support the elements of a civil conspiracy claim. Thus, the District Court also correctly dismissed this claim pursuant to M. R. Civ. P. 12(b)(6).

¶13 Finally, Sliwinski asserts he filed a motion for leave to amend his complaint and the District Court erred by not permitting him to amend his complaint to cure its deficiencies. Rhodes asserts any amendment would be futile and Sliwinski asserts the District Court did not "for sure" conclude amendment would be futile. In its Order Granting Motion to Dismiss the District Court specifically noted it "considered whether to grant Sliwinski leave to amend his Complaint" but declined to do so as there was nothing in his briefing to suggest he would be able to allege sufficient facts to survive a Rule 12(b)(6) motion. The District Court determined that since Sliwinski's claims were premised upon privileged publications being made to MBPP which purportedly caused him damage—denial of parole and loss of interpersonal relationships—amendment would be futile. We agree.

¶14 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the

8

Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶15     Affirmed.

/S/ INGRID GUSTAFSON

We Concur:

/S/ CORY J. SWANSON
/S/ KATHERINE M. BIDEGARAY
/S/ BETH BAKER
/S/ JAMES JEREMIAH SHEA